**Jessie SINGLETON, Plaintiff–Appellee,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant–Appellant.**

**No. 86–1164.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 10, 1986.

Denied March 21, 1988.

Claire S. Hoffman, Office of the General Counsel, Baltimore, Md., for defendant-appellant.

Jan L. Kodner, Chicago, Ill., for plaintiff-appellee.

Before COFFEY and RIPPLE, Circuit Judges, and CAMPBELL, Senior District Judge.[*]

WILLIAM J. CAMPBELL, Senior District Judge.

The district court granted the plaintiff-appellee Jessie Singleton's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).[1] The plaintiff's request for attorney's fees followed the court's decision to remand the case to the defendant-appellant Secretary of Health and Human Services (Secretary). The award of attorney's fees was premature. Accordingly, we reverse and remand the decision to the district court.

they had been re-read as negative; Dr. Clarke's credibility is assailed.

[*] The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation.

1. Mr. Singleton filed his complaint in federal district court on August 1, 1984. The original

EAJA had a provision that extended coverage of the Act to those cases commenced but not finally resolved prior to October 1, 1984. The new EAJA came into effect on August 5, 1985 and there is no question as to the retroactivity of the 1985 amendments. *See K & I Transfer & Storage, Inc. v. N.L.R.B.,* 805 F.2d 749, 752 n. 5 (7th Cir.1986).

## I.

Jessie Singleton applied for disability insurance benefits and Supplemental Security Income. His application was denied and Mr. Singleton received a hearing before an administrative law judge (ALJ). The ALJ concluded that Mr. Singleton was not suffering from a severe impairment which would limit his ability to perform basic work-related activities.[2] The Appeals Council of the Social Security Administration affirmed the ALJ's decision. Having exhausted his administrative remedies, Mr. Singleton challenged the Secretary's final determination in federal district court pursuant to 42 U.S.C. § 405(g). *See generally, Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).

The district court granted Mr. Singleton's motion to remand the case to the Secretary for further proceedings. Furthermore, the court reversed the Secretary's finding that Mr. Singleton's impairments were not severe. The Secretary was instructed to complete the evaluation of Mr. Singleton's application for benefits. The court also found that the ALJ had failed to fully and fairly develop the facts and record of Mr. Singleton's case. Specifically, the court found that the ALJ had failed to secure the plaintiff's current medical records. Therefore, the Secretary was also instructed to obtain the plaintiff's current records.

Without awaiting the outcome of the further administrative proceedings, Mr. Singleton moved for attorney's fees pursuant to the EAJA. The Secretary opposed the award of attorney's fees, arguing that the plaintiff was not a "prevailing party" as required under the EAJA. The district court granted the plaintiff's motion for attorney's fees and ordered the defendant to pay Mr. Singleton $1,762.50.

The sole issue on appeal is whether the plaintiff became a "prevailing party" under the EAJA for purposes of an award of attorney's fees when the district court remanded the decision to the Secretary for further administrative proceedings. Our jurisdiction is pursuant to 28 U.S.C. § 1291.

## II.

The EAJA states in pertinent part,

[A] court shall award to a *prevailing party* other than the United States fees and other expenses, in addition to any costs ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust (emphasis added).

28 U.S.C. § 2412(d)(1)(A).

The Seventh Circuit has held that Congress intended the EAJA to apply to appeals to the federal courts under the Social Security Act. *See, e.g., Berman v. Schweiker*, 713 F.2d 1290, 1296 (7th Cir. 1983). However, the Seventh Circuit has not addressed the narrower question of whether a Social Security claimant becomes a "prevailing party" within the reach of the EAJA when the claimant obtains a remand from a district court. We hold that a Social Security claimant does not become a "prevailing party" within the reach of the EAJA when the claimant obtains a remand from a district court. The district court's decision is reversed. We join several circuits which have considered the question. *See, e.g., Gamber v. Bowen*, 823 F.2d 242, 244 (8th Cir.1987); *Brewer v. American Battle Monuments Comm'n*, 814 F.2d 1564, 1567 (Fed.Cir.1987); *Swenson v. Heckler*, 801 F.2d 1079, 1080 (9th Cir.1984); *Brown v. Secretary of Health and Human Services*, 747 F.2d 878, 883 (3rd Cir.1984); *McGill v. Secretary of Health and Human Services*, 712 F.2d 28, 31 (2d Cir.1983); and *National Coalition Against Misuse of*

---

**2.** The Secretary uses a five step sequential evaluation process to determine whether or not a claimant is disabled. *See Bowen v. Yuckert*, —— U.S. ——, 107 S.Ct. 2287, 2290–91, 96 L.Ed.2d 119 (1987). We note that the Supreme Court recently held that step two of the evaluation process, the "severity regulation," is valid on its face. *See Yuckert*, 107 S.Ct. at 2297; *see also Johnson v. Heckler*, 769 F.2d 1202, 1212 (7th Cir.1985), *vacate sub nom. Bowen v. Johnson*, —— U.S. ——, 107 S.Ct. 3202, 96 L.Ed.2d 690 (1987).

*Pesticides v. Thomas,* 828 F.2d 42, 44 (D.C. Cir.1987) (per curiam). *Cf. Hewitt v. Helms,* — U.S. —, 107 S.Ct. 2672, 2675–76, 96 L.Ed.2d 654 (1987); *Hanrahan v. Hampton,* 446 U.S. 754, 757–58, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) (per curiam); and *Powe v. City of Chicago,* 664 F.2d 639, 652 (7th Cir.1981) (each interpreting "prevailing party" for purposes of 42 U.S.C. § 1988).

### III.

In the instant case, the Secretary ultimately determined that Mr. Singleton has been disabled.[3] Therefore, we remand this case to the district court for a full review of the plaintiff's claim to attorney's fees and expenses under the EAJA. Accordingly, the district court's decision is

REVERSED AND REMANDED.

---

**3.** We were advised by counsel for the Secretary that a decision partially favorable to Mr. Singleton followed the district court's remand of the case. Specifically, the Appeals Council of the Social Security Administration held that based upon Mr. Singleton's November 8, 1983 application, he has been disabled under Section 1614(a)(3) of the Social Security Act.