**Arcadio LOPEZ, Plaintiff,**

v.

**Louis SULLIVAN, Secretary, Health and Human Services, Defendant.**

**No. 89 C 6482.**

United States District Court,
N.D. Illinois, E.D.

Nov. 14, 1991.

---

Arcadio Lopez, pro se.

Frederick J. Daley, Marcie E. Goldbloom, Chicago, Ill., for plaintiff.

Linda A. Wawzenski, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

Since the Supreme Court issued its *Melkonyan v. Sullivan*[1] decision on June 10, 1991, district courts throughout the country have been grappling with the question of whether they may retain jurisdiction for the purpose of making Equal Access to Justice Act (EAJA) awards in social security cases that they remanded prior to *Melkonyan*. In the case before us the Plaintiff has filed a Motion for an Order Retaining Jurisdiction of Plaintiff's Complaint for Administrative Review under *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989). For the following reasons we grant Plaintiff's motion.

### Facts

Since we have already recited the underlying facts of this case in a Memorandum Opinion and Order dated April 2, 1990,[2] we will summarize here only those most relevant to this motion. On December 17, 1987, Plaintiff Arcadio Lopez ("Lopez") filed an application for Supplemental Security Income (SSI), alleging an inability to work due to vision problems. The claim was administratively denied. Pursuant to Lopez's request, a hearing was held before an administrative law judge (ALJ). Lopez appeared and testified, but was not represented by counsel. After the hearing, the ALJ issued a decision denying Lopez benefits. Lopez appealed this denial to the Appeals Council, which affirmed the ALJ's decision. After the Appeals Council's ruling, Lopez appealed his case to the United States District Court.

On April 2, 1990, we granted Lopez's motion for summary judgment and remanded his case back to the Secretary after finding that (1) Lopez had not knowingly and intelligently waived his right to counsel at the hearing before the ALJ; (2) the lack of adequate representation affected the adequacy of the hearing; and (3), as a consequence, the record was not fully and fairly developed and could not adequately support any decision. *Lopez I*, Mem.Op. and Order, 1990 WL 43367. In our opinion, we stated that we were remanding the case to the Secretary "so that a full and fair hearing can be held." *Id.* at 8. The administrative proceedings on remand are still pending. Plaintiff's counsel has not yet submitted an application for attorneys fees; however, a claim for fees was included in the complaint. The Plaintiff has now filed a motion asking us to retain jurisdiction over this action so that we may entertain an EAJA application at a later date should he prevail on remand. Defendants object that we may not retain jurisdiction since the time for filing an EAJA application has already run. (Def.'s Response at 3).

### Discussion

Plaintiff's motion presents us with a tricky jurisdictional issue. When an EAJA application is filed after the appropriate deadline and as a consequence is found untimely, a court does not have jurisdiction to review that application. *Damato v. Sullivan*, 945 F.2d 982, 986 (7th Cir.1991) ("In order to invoke the subject matter jurisdiction of the district court for attorney fees under the EAJA, the party seeking fees must file its application 'within 30 days of the final judgment in the action.'" (citing 28 U.S.C. § 2412(d)(1)(B))). In this case, we are not being asked to review an application; instead, we are being asked to retain jurisdiction so that we may at some later date review such an application. Nevertheless, our inquiry is a jurisdictional one: in order to decide whether we may retain jurisdiction under *Sullivan v. Hudson*, 109 S.Ct. 2248 (1989), we must first determine whether an EAJA application should have been filed after our April 2, 1990 remand order or whether it may be filed after the proceedings below. We note at the outset that it is axiomatic that we have jurisdiction to determine jurisdiction. 13A C. Wright, A. Miller and E. Cooper, *Federal*

---

1. — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

2. *Lopez v. Sullivan (Lopez I)*, No. 89C6482, Mem. Op. and Order, 1990 WL 43367 (N.D.Ill. April 2, 1990).

*Practice and Procedure* § 3536 (2d ed. 1984).

Under the EAJA, a party who wishes to recover for fees and expenses must *"within thirty days of final judgment* in the action, submit to the court an application for fees and other expenses which shows that the *party is a prevailing party."* 28 U.S.C.A. § 2412(d)(1)(B) (West 1991) (emphasis added). The court may make such an award unless it determines that the government's position was "substantially justified." *Id.* The term "final judgment" as it is employed here means a judgment for which the time to appeal has expired for all parties and for which a final order of settlement is included. 28 U.S.C.A. § 2412(d)(1)(G). The Court recently determined that "judgment" as defined in § 2412 "refers to judgments entered *by a court of law,* and does not encompass decisions rendered by an administrative agency." *Melkonyan,* 111 S.Ct. at 2162. Judicial review of Social Security decisions is conducted pursuant to 42 U.S.C. § 405(g), which specifies in pertinent part:

> [Sentence 4] The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing....
> [Sentence 6] The court may, on a motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

■ In *Sullivan v. Finkelstein,* 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990),

the Supreme Court found that a remand order made pursuant to sentence four was "a 'judgment' in the terminology of § 405(g)," *id.* 110 S.Ct. at 2664, and held that such a judgment was final and appealable. *Id.* 110 S.Ct. at 2666. *Melkonyan v. Sullivan,* 111 S.Ct. 2157 (1991), took this reasoning one step farther and held that these judgments become "final" for purposes of the EAJA as soon as the time for filing an appeal has expired. *Id.* 111 S.Ct. at 2165. Thus, an EAJA application can only be timely in sentence four cases if the application is filed within 30 days after the judgment of the district court, whether accompanied by a remand order or not, becomes unappealable.

The EAJA, however, requires not only the timely filing after a final judgment but also that the claimant demonstrate that she was a "prevailing party." Here lies the nub of the problem. Prior to the Court's decision in *Melkonyan,* a Social Security claimant whose case was remanded to the Secretary was not considered a "prevailing party" for purposes of the EAJA. *Singleton v. Bowen,* 841 F.2d 710 (7th Cir.1988). This position was apparently adopted by the Supreme Court in *Sullivan v. Hudson,* 109 S.Ct. 2248 (1989):

> [I]n a case such as this one, where a court's remand to the agency for further administrative proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain "prevailing party" status within the meaning of § 2412(d)(1)(A) until after the result of the administrative proceedings is known.

*Id.* 109 S.Ct. at 2254–55.[3]

In *Hudson* the district court had remanded the claimant's case back to the Secretary after the court of appeals had determined that " 'the Secretary did not follow her own regulations' in making the disability determination in respondent's case." *Id.*

---

**3.** The Court also stated:
We think it clear that under these principles a Social Security claimant would not, as a general matter, be a prevailing party within the meaning of the EAJA merely because a court had remanded the action to the agency for further proceedings.... As in this case, there

will often be no final judgment in a claimant's civil action for judicial review until the administrative proceedings on remand are complete.
*Sullivan v. Hudson,* 490 U.S. at 887, 109 S.Ct. at 2255.

109 S.Ct. at 2252 (quoting the court of appeals). On remand the ALJ had found that respondent was disabled. The issue before the Court was whether an award under EAJA could include attorney's fees for work done at the administrative level after the cause was remanded to the Secretary by the district court. *Id.* 109 S.Ct. at 2251.

In finding that an EAJA award could cover this work, the Court focused on the definition of "civil action" in the EAJA. It reiterated its finding that "for purposes of the EAJA, the Social Security claimant's status as a prevailing party and the final judgment in her 'civil action ... for review of agency action' are often completely dependent on the successful completion of the remand proceedings before the Secretary." *Id.* 109 S.Ct. at 2255. In addition to finding a lack of prevailing party status and of a final judgment at the time of remand, the Court found that the district court would need to retain continuing jurisdiction over the action "to determine if its legal instructions on remand have been followed by the Secretary." *Id.* For these reasons, the Court expanded the definition of "civil action" to include proceedings on remand that are an integral part of the action:

> [W]here a court orders a remand to the Secretary in a benefits litigation and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits, the proceedings on remand are an integral part of the "civil action" for judicial review and thus attorney's fees for representation on remand are available subject to the other limitations in the EAJA.

*Id.* 109 S.Ct. at 2258.[4]

Clearly both *Finkelstein* and *Melkonyan* reverse *Hudson*'s determination that there is no final judgment in sentence four cases. However, these cases only partially overrule *Hudson*. What we must determine is what remains of *Hudson*.

Although *Hudson* concerned the availability of attorney fees for representation at administrative proceedings after remand, its discussion of when jurisdiction may be retained is an integral part of the decision and, as a consequence, controlling as long as it is not later overruled, revised, or narrowed in some manner. The Plaintiff urges us to follow the reasoning enunciated by the Court in *Hudson* and retain jurisdiction for a determination of EAJA fees at some later date. Indeed, since our facts closely mirror those in *Hudson*, we would agree and retain jurisdiction if *Hudson* were the only controlling case. However, as the Defendant points out, the Supreme Court recently issued a decision in *Melkonyan v. Sullivan*, 111 S.Ct. 2157 (1991), which appears to limit *Sullivan v. Hudson*. According to the Defendants, our remand order constituted a "final judgment" under the Court's *Melkonyan* decision (as well as its decision in *Sullivan v. Finkelstein*, 110 S.Ct. 2658 (1990)), and as a consequence, the time for filing an EAJA application has already run. (Def.'s Response at 3.)

**A. The Supreme Court's Melkonyan Decision Precludes The Retention of Jurisdiction in Sentence Four Cases.**

Defendants' arguments require us to assess the *Melkonyan* decision's impact on *Sullivan v. Hudson*. *Melkonyan* concerns the definition of "final judgment" for purposes of the EAJA in Social Security cases. In *Melkonyan*, Justice O'Connor, the author of *Sullivan v. Hudson*, writing for the Court stated:

> Congress' use of "judgment" in 28 U.S.C. § 2412 [the EAJA] refers to judgments entered *by a court of law*, and does not encompass decisions rendered by an administrative agency. Accordingly, we hold that a "final judgment" for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received.

---

4. Stating its holding another way, Justice O'Connor wrote: "[W]here administrative proceedings are intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded." *Id.* 109 S.Ct. at 2255.

*Id.* 111 S.Ct. at 2162 (emphasis in original). Turning to § 405(g), she found that there are only two types of remands available in social security cases: those pursuant to sentence four and those pursuant to sentence six. *Id.* 111 S.Ct. at 2164. She further concluded that

> in § 405(g) actions, *remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six....* In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable.

*Id.* 111 S.Ct. at 2165 (emphasis added). If sentence four remands are always accompanied by final judgments, as this passage dictates, then the only remands for which the court may retain jurisdiction are those made pursuant to sentence six. This may seem an anomalous result in light of the fact that the remand in *Hudson* was not of the sentence six variety and that the *Hudson* Court found that the remand proceeding was so intimately tied to the civil action in the district court that a final judgment would not occur until the administrative proceedings on remand terminated. Despite the fact that *Melkonyan* would seem to dictate a different result on the facts in *Hudson,* we presume that the Court intended to subsequently limit *Hudson* in this way.

Although Justice O'Connor did discuss *Sullivan v. Hudson* in *Melkonyan,* she did not explicitly state that courts may only retain jurisdiction in sentence six remand situations. However, her discussion of *Hudson* does not contradict our conclusion. In *Melkonyan,* Justice O'Connor explains that *Hudson* only applied to a "narrow

class of qualifying administrative proceedings" in which " 'a suit has been brought in a court,' *and* where a 'formal complaint within the jurisdiction of a court of law' *remains pending and depends for its resolution upon the outcome of the administrative proceedings.*" *Id.* 111 S.Ct. at 2162 (quoting *Hudson* with emphasis). She concluded that

> *Hudson* thus stands for the proposition that in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level.

*Id.* Although she states that *Hudson* carved out a special class of cases for which final judgment could be rendered only after the post-remand administrative proceedings were complete, the discussion that follows in *Melkonyan* appears to limit *Sullivan v. Hudson* to sentence six remands.

Moreover, reading *Melkonyan* to limit the retention of jurisdiction pursuant to *Sullivan v. Hudson* to sentence six remand situations is consistent with *Sullivan v. Finkelstein,* 110 S.Ct. 2658 (1990), in which the Court held that a judgment entered pursuant to sentence four, either accompanied by a remand order or not, is final and appealable. *Id.* 110 S.Ct. at 2666.

■ Therefore, insofar as *Melkonyan* dictates that remand orders pursuant to sentence four must always be accompanied by final judgment orders, we must conclude that our remand in this case, which demonstrably was not a sentence six remand, constituted a final judgment.[5] Following this logic, the filing period for an EAJA application began to run as soon as

---

5. There was no separate final judgment order entered at the time of our April 2, 1990 Memorandum Opinion and Order, which remanded the case back to the agency for further proceedings. However, given the language in *Melkonyan,* we must assume that under § 405(g) as the Supreme Court interprets it, our opinion and order constituted a final judgment. *See*

*Sullivan v. Finkelstein,* 110 S.Ct. 2658, 2664 (1990) ("[A]lthough the fourth sentence clearly foresees the possibility that a district court may remand a cause to the Secretary for rehearing (as the District Court did here), nonetheless such a remand order is a 'judgment' in the terminology of § 405(g).")

the appeals period for our judgment was terminated.

Although *Melkonyan* and *Finkelstein* determined that final judgment orders necessarily accompany remands under sentence four and that as a consequence courts may not retain jurisdiction over these actions, neither case addressed the issue of a party's ability to demonstrate prevailing party status at the time of a sentence four remand. The only court of appeals to address this issue in a sentence four case after *Melkonyan* found that "the claimants did not become prevailing parties eligible for attorney's fees until the Secretary reevaluated their cases and awarded them benefits." *Welter v. Sullivan,* 941 F.2d 674 (8th Cir.1991). It held, for this reason, that the district court could and did retain jurisdiction over the civil action for the purpose of later awarding fees.

We decline to follow the Eighth Circuit, however, given *Melkonyan*'s clear proscription against the retention of jurisdiction once a final judgment has been rendered. The fact that a party may not be able to demonstrate prevailing party status does not give a court jurisdiction over an action where the Supreme Court has dictated that jurisdiction no longer exists. Moreover, given that a final judgment pursuant to sentence four may be entered without making a remand, it is more than conceivable that one of the parties to the action will have prevailed. In addition, it remains un-

settled after *Melkonyan* whether in every case in which a remand order is entered pursuant to sentence four, it will be impossible to determine who prevailed in the action.

In addition to reversing *Hudson* with respect to when final judgments in sentence four cases occur, *Melkonyan* appears to overrule *Hudson* with respect to the availability of fees for work completed during agency proceedings after a district court remand pursuant to sentence four. *Melkonyan* states: "Accordingly, we hold that a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court *that terminates the civil action for which EAJA fees may be received.*" 111 S.Ct. at 2162 (emphasis added). Since a Social Security claimant may no longer apply for fees for work completed after a sentence four remand, there is no longer any reason to delay the period for filing an EAJA application until after the completion of remand proceedings. After *Melkonyan,* in sentence four cases, the civil action for which a party may recover attorney fees and expenses under the EAJA is the district court proceeding.

■ According to the dictates of *Melkonyan,* we must hold, therefore, that when a sentence four remand has occurred, a district court may not retain jurisdiction over that matter[6] and a Social Security

---

**6.** One of our colleagues has suggested that *Melkonyan* need not be read to reach sentence four cases; however, we find that we are bound by that decision's discussion of sentence four remands. *Melkonyan* did not involve a sentence four remand: the Court found that it was unclear whether there had been a sentence six remand or a voluntary dismissal under Federal Rule of Civil Procedure 41(a). Since *Melkonyan* did not involve a sentence four remand, one court already has stated that its discussion of this type of remand is dictum. *Butts v. Bowen,* 775 F.Supp. 1167 at 1170 (N.D.Ill.1991) (Hart, J.). We are, however, reluctant to find *Melkonyan*'s analysis of sentence four remands uncontrolling even though it may constitute dictum. *See Nichol v. Pullman Standard,* 889 F.2d 115, 119–21 (7th Cir.1989) (considering and respecting Supreme Court dictum as controlling where it was consistent with the plain language of the statute); *Hendricks County Rural Electric Membership Corp. v. NLRB,* 627 F.2d 766, 768 n.

1 (7th Cir.1980) ("A dictum in a Supreme Court opinion may be brushed aside by the Supreme Court as dictum when the exact question is later presented, but it cannot be treated lightly by inferior federal courts until disavowed by the Supreme Court."), *rev'd on other grounds,* 454 U.S. 170, 102 S.Ct. 216, 70 L.Ed.2d 323 (1981).

Moreover, it is unclear whether the Court's discussion of sentence four remands actually constitutes dictum. The Seventh Circuit Court of Appeals has defined dictum as, "a statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding—that, being peripheral, may not have received the full and careful consideration of the court that uttered it." *Sarnoff v. American Home Products Corp.,* 798 F.2d 1075, 1084 (7th Cir.1986); *see also United States v. Crawley,* 837 F.2d 291, 292 (7th Cir.1988) (listing the reasons why a passage may be considered dictum). *Cf. Kastigar v. United States,*

claimant wishing to recover fees pursuant to the EAJA must file his or her application within 30 days after the final judgment, which accompanies the order, becomes unappealable.

### B. We Will Not Apply Melkonyan Retroactively to Plaintiff's Case.

Plaintiff makes three arguments as to why we should not hold that the period for filing an EAJA application has run in his case. First, he asserts that although *Melkonyan* reads § 405(g) to require that a final judgment accompany a sentence four remand, this Court never entered a final judgment and, as a consequence, the court's failure kept the clock from running. (Pl.'s Reply at 4.) Second, he urges us to refrain from applying *Melkonyan* retroactively. (*Id.* at 2–5.) Third, and finally, Plaintiff argues that the principles of equitable tolling, waiver, and estoppel enumerated by the Supreme Court in *Irwin v. Veterans Administration*, — U.S. —, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), require us to determine that the period has not yet expired. (*Id.* at 3.)

■ As explained above, *Finkelstein* makes it clear that where a separate judgment does not accompany a remand order made pursuant to sentence four, that remand order constitutes a final judgment.

*See supra* note 5. Therefore, Plaintiff's first argument is unfounded.

■ Plaintiff's second argument, however, is persuasive. In *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Court enunciated three factors courts must consider when determining whether a decision should be applied retroactively.[7] First, the decision "must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Id.* at 106, 92 S.Ct. at 355 (citations omitted). Second, the court will weigh the merits and demerits in each case " 'by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' " *Id.* at 107, 92 S.Ct. at 356 (quoting *Linkletter v. Walker*, 381 U.S. 618, 629, 85 S.Ct. 1731, 1738, 14 L.Ed.2d 601 (1965)). Third, the court will consider "the inequity imposed by retroactive application," and will hold for nonretroactivity where to do otherwise would produce "substantial inequitable results." *Id.*

Applying these factors to the case before us we find the following: (1) *Melkonyan* did overrule clear past precedent by holding that courts could no longer retain jurisdiction in sentence four cases after they entered a remand order;[8] (2) the operation

---

406 U.S. 441, 454, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212 (1972) (broad language in earlier opinion that was unnecessary to the Court's decision cannot be considered binding authority). Even though the facts in *Melkonyan* would not fit under sentence four, the Court obviously felt that it had to address both types of remands in order to reach an informed decision with respect to sentence six remands. Indeed it considered sentence four and sentence six remands as a pair. It cannot be said either that the discussion of sentence four in *Melkonyan* was "not an integral part of the earlier opinion—it can be sloughed off without damaging the analytical structure of the opinion"; or that "the passage was not grounded in the facts of the case and the judges may therefore have lacked an adequate experiential basis for it." *Crawley*, 837 F.2d at 292–93. Where the Court has made a definitive interpretation of a statute in a manner they indicate was essential to their holding in that case, it is not for us to dismiss the "nonessential" portions of this interpretation as dicta.

**7.** The Supreme Court's recent decision in *James B. Beam Distilling Co. v. Georgia*, — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), does not undermine the test enunciated by *Chevron* or disturb our result in this case. There was no majority opinion in *Beam*. Instead, Justice Souter, who announced the judgment of the Court, wrote only for himself and Justice Stevens when he held that it was error to refuse to apply a rule of federal law retroactively after the case announcing that rule has already done so. *Id.* 111 S.Ct. at 2446. In addition, as Judge Hart points out in *Butts v. Bowen*, *Melkonyan* was not a fourth sentence remand case and, therefore, cannot be said to have applied its rule regarding fourth sentence cases to the facts before it. *Butts v. Bowen*, 775 F.Supp. 1167 at 1171 (N.D.Ill.1991).

**8.** *Melkonyan* overruled the clear Seventh Circuit precedent of *Singleton v. Bowen*, 841 F.2d 710 (7th Cir.1988), *see Butts v. Bowen*, 775 F.Supp. at 1171 (N.D.Ill.1991) (Hart, J.), and that portion of *Sullivan v. Hudson*, 490 U.S. 877, 109

of the principle established by *Melkonyan* will not be retarded by a finding of nonretroactivity, whereas the purpose of the EAJA would thwarted by retroactive application; and (3) applying *Melkonyan* retroactively in this case would work a substantial injustice since Plaintiff could not have filed an acceptable EAJA application 30 days after our April 2, 1990 order became unappealable since the law at that time held that such an application could only be maintained after the termination of the administrative proceedings on remand.

Based on these findings, we decline to apply *Melkonyan* retroactively to the case before us. We agree with Judge Hart's reasoning in *Butts v. Bowen*, 775 F.Supp. 1167 (N.D.Ill.1991), in which he stated:

> If *Melkonyan* is applied retroactively, virtually no social security claimant who succeeded after a pre-*Melkonyan* remand from the district court would be able to file a timely fee petition. Unless the Secretary acted expeditiously, the claimant would not be a prevailing party within 30 days of there being a nonappealable judgment and therefore any petition filed would have been denied as premature if brought before the claimant prevailed in administrative proceedings or would now be denied as untimely in light of *Melkonyan* if filed after succeeding in administrative proceedings.

*Id.* at 1171 (footnotes omitted). We agree with Judge Hart that "Congress could not have intended that social security claimants would have no means of filing a timely EAJA petition, which is essentially what would happen if *Melkonyan* were applied retroactively." *Id.* at 1171.

Since we find for the Plaintiff on the second ground that he asserts, we need not address his third, namely whether the principles of equitable tolling, waiver, and estoppel enumerated by the Supreme Court in *Irwin v. Veteran's Administration*, 111 S.Ct. 453 (1990), require us to determine that the period has not yet expired.

### Conclusion

Although *Melkonyan v. Sullivan*, 111 S.Ct. 2157 (1991), precludes the retention of

jurisdiction by the district court in Social Security cases after the court has remanded the action to the Secretary pursuant to sentence four of § 405(g), we decline to apply *Melkonyan* retroactively to the facts of this case and, for the aforementioned reasons, grant Plaintiff's motion to retain jurisdiction for the purpose of later reviewing an EAJA application.

S.Ct. 2248 (1989), which permitted the retention

of jurisdiction in sentence four cases.