Rosie L. **THOMAS** for Charles H. **BROWN, Jr.,** Plaintiff,

v.

**Louis M. SULLIVAN, M.D.,** Secretary of the Department of Health and Human Services of the United States of America, Defendant.

No. 88–1230.

United States District Court, C.D. Illinois, Peoria Division.

Feb. 14, 1992.

---

Thomas Henry, Peoria, for plaintiff.

Michael Messer, Dept. of Health and Human Services, Chicago, for defendant.

## ORDER

MIHM, Chief Judge.

Before the court is the Plaintiff's motion for entry of final judgment (# 26) and the Plaintiff's application for attorney's fees and costs under the Equal Access to Justice Act ("EAJA") (# 24). For the reasons set forth below, the motion for entry of final judgment is denied and the motion for fees and costs is granted.

## BACKGROUND

This action was brought by the Plaintiff Rosie L. Thomas ("Thomas") for review of the Defendant's, Secretary of Department of Health and Human Services ("Secretary"), decision denying disability benefits. Both sides filed motions for summary judgment and on May 14, 1990, this court en-

tered an order remanding the matter to the Secretary for further proceedings and a new decision regarding disability benefits. Final judgment was entered by the Clerk on May 22, 1990. The Secretary conducted additional proceedings and, on June 28, 1991, awarded the Plaintiff benefits. The Plaintiff now returns to this court, maintaining that she has now prevailed in this action and that she is accordingly entitled to entry of final judgment and to fees under the EAJA. The Secretary opposes both motions, arguing that final judgment has already been entered by the court and that, under the Supreme Court's decision in *Melkonyan v. Sullivan,* — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the time for filing for fees under the EAJA has long since expired.

## DISCUSSION

### I. *Type of Remand*

■ In *Melkonyan,* the Supreme Court held that § 205(g) of the Social Security Act authorizes a district court to remand an action to the Secretary in two, and only two, situations. 111 S.Ct. at 2163–65. *See also Sullivan v. Finkelstein,* 496 U.S. 617, 110 S.Ct. 2658, 2663–65, 110 L.Ed.2d 563 (1990). The first type of remand is authorized by the fourth sentence of § 405(g). Under that provision, a court can enter an order on the merits of the appeal which affirms, modifies, or reverses the decision of the Secretary, and remand the case for further proceedings. *Melkonyan,* 111 S.Ct. at 2163. This remand constitutes a final decision on the merits and a final judgment, which terminates the jurisdiction of the district court, is entered at that time. *Id.* at 2165.

■ The sixth sentence of § 405(g) provides that a district court may also remand the case without addressing the merits. Under that provision, the Secretary may move (*before* he files an answer to the appeal) to remand for further administrative proceedings. Also, the claimant may move to remand on the ground that he or she has discovered new evidence which might change the administrative ruling. Both of these options require the movant to

show "good cause" for failure to raise these new issues in the original administrative proceeding. A remand pursuant to sentence six is not a ruling on the merits, but merely a limited remand for further proceedings while the court retains jurisdiction over the appeal. The remand order is not the final judgment of the district court. The parties will return to the district court after the post-remand proceedings before the Secretary for entry of final judgment. *See Melkonyan,* 111 S.Ct. at 2165. If the Secretary still denies benefits, the appeal goes forward and a decision on the merits is made. If, on the other hand, the Secretary awards benefits, the court simply enters judgment in favor of the claimant on appeal. *See id.* In either event, the final judgment in a sentence six remand is the order of the court *following* the post-remand proceedings.

■ It is clear that the remand in this case was a sentence four remand. This court issued a lengthy opinion addressing the merits of the appeal which found that the Secretary's decision to withhold benefits was not supported by substantial evidence in the record. Thus, the Plaintiff's motion for entry of final judgment (# 26) is without merit and is denied. This court's remand order was a sentence four remand order which constituted this court's final decision on the merits of the appeal. It was not intended that the parties would return to this court for final judgment in this appeal after the post-remand proceedings were completed at the administrative level. Indeed, a final judgment was already entered by the clerk on May 22, 1990, several days after this court's remand order was entered.

### II. *Timeliness of EAJA Fees Petition*

Plaintiff's application for fees and costs argues that, regardless of what type of remand this court entered, she is now a prevailing party and entitled to recover her fees and costs from the Secretary under the EAJA. The Secretary opposes this motion, arguing that the Plaintiff's application for fees is untimely.

A plaintiff in a social security appeal who has secured either type of remand (that is, a sentence four or a sentence six remand) from the district court is entitled to EAJA fees. However, the proper time for filing the fees petition differs depending on what type of remand order was entered. This distinction is due to the fact that an EAJA petition follows a "final judgment," *see* 28 U.S.C. § 2412(d)(1)(B), and that the final judgment is entered at different times in either remand situation. In a sentence four remand, the 30 day filing deadline for EAJA fee petitions begins to run when the remand order becomes final, an event which occurs 60 days later when the appeal period lapses. In a sentence six remand, on the other hand, the 30 day deadline for EAJA petitions does not begin until after the parties return to district court (after the further administrative action) and obtain a final judgment. The Supreme Court noted this procedure in *Melkonyan:*

> Construing remand orders in this matter harmonizes the remand provisions of § 405(g) with the EAJA requirement that a "final judgment" be entered in the civil action in order to trigger the EAJA filing period. In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable. In sentence six cases, the filing period does not begin until after the post-remand proceedings are completed, the secretary returns to court, the court enters a final judgment, and the appeal period runs.

111 S.Ct. at 2165 (citations omitted). Thus, in either case, the filing period is 30 days after final judgment. However, a final judgment is an event which occurs at different times depending upon the type of remand. In a sentence four remand case, the final judgment is that entered at the time of the remand order, whereas in a sentence six remand, the final judgment is the judgment entered by the district court after the case returns from post-remand administrative proceedings.

It is clear that the Plaintiff here did not file her EAJA petition in compliance with these standards. This court entered a sentence four remand order on May 14, 1990, and final judgment was entered several days later on May 22, 1990. This judgment became a final, non-appealable order 60 days later, on or about July 21, 1990. Thus, the Plaintiff had 30 days from July 21, 1990 to file her petition for fees under the EAJA. She did not do so until more than a year later. Based upon this, it would seem that the Plaintiff is not entitled to EAJA fees. However, for the reasons that follow, this court is of the opinion that she is.

### III. *Retroactivity*

The reason why the Plaintiff did not file for fees within 30 days of final judgment is clear. At the time of the remand order in the summer of 1990, *Melkonyan* had not yet been handed down and the law in this Circuit was clear that a plaintiff seeking EAJA fees must wait until he receives a favorable ruling from the Secretary on remand to file his petition. *See Singleton v. Bowen*, 841 F.2d 710 (7th Cir. 1988); *Hendricks v. Bowen*, 847 F.2d 1255 (7th Cir.1988). These cases held that a claimant who obtains a remand order from a district court is not yet a "prevailing party" for purposes of the EAJA; to become a "prevailing party," a claimant also had to secure benefits from the Secretary as a result of the remand. *Singleton*, 841 F.2d at 711; *Hendricks*, 847 F.2d at 1257–58. Thus, had Thomas applied for fees in the summer of 1990, as *Melkonyan* now directs, she would have been denied them because of the absence of "prevailing party" status under Seventh Circuit precedent.

This court believes that this Seventh Circuit authority is no longer valid in light of *Melkonyan*. Other district courts apparently agree. *See Lopez v. Sullivan*, 780 F.Supp. 496, 503 n. 8 (N.D.Ill.1991); *Butts v. Bowen*, 775 F.Supp. 1167, 1168 (N.D.Ill. 1991). In discussing the appropriate timing for an EAJA petition, the Supreme Court in *Melkonyan* stated that in a sentence four remand, the plaintiff should apply for fees within 30 days of that judg-

ment becoming final, without mentioning that such application would be premature because of the absence of prevailing party status. 111 S.Ct. at 2165. It would be most difficult to imagine that the Supreme Court would prescribe a filing period of 30 days after the remand order becoming final if an application so timed would be inevitably doomed for lack of "prevailing party" status.

Indeed, if *Singleton* and *Hendricks* were still considered to be good law after *Melkonyan,* a social security plaintiff who obtains a sentence four remand would almost never be able to secure EAJA fees. If the plaintiff filed for fees within 30 days of the final judgment as required by *Melkonyan,* the Secretary would oppose the motion on the grounds that it is premature for lack of prevailing party status. If, on the other hand, the plaintiff waited for fees until benefits were awarded on remand, the Secretary would oppose the motion on the grounds that it was filed too late in the light of the dictates of *Melkonyan.* For these reasons, it seems clear that the Supreme Court in *Melkonyan* believed that a claimant who obtains a sentence four remand is at that point a prevailing party and entitled to apply for EAJA fees.

The Secretary insists that Seventh Circuit law regarding prevailing party status remains unchanged after *Melkonyan* and cites to that Court's recent decision in *Damato v. Sullivan,* 945 F.2d 982 (7th Cir.1991), as evidence of this. In *Damato,* the Seventh Circuit did opine in a footnote that a social security claimant is not a prevailing party until he receives benefits on remand. 945 F.2d at 987 n. 2. However, it appears that this statement was dicta. In that case, the court denied the plaintiff's application for EAJA fees in part because there was not yet a "final order" of the district court triggering the right to fees under the EAJA. 945 F.2d at 986–87. The court then went on to say that the plaintiff's request for fees would have been pointless at the time of remand for lack of prevailing party status. *Id.* at 987 n. 2. It would seem that this statement was unnecessary to a resolution of the issues being decided and that it therefore was dicta.

Given that *Melkonyan* overruled Seventh Circuit case law regarding prevailing party status, the question becomes one of retroactivity. Given that Thomas was adhering to existing Seventh Circuit law by delaying her request for fees until after benefits were awarded, should this court now deny her fees petition on the grounds that Thomas's conduct failed to comply with the dictates of *Melkonyan*? The answer must be no. *Melkonyan* drastically changed the timing of the EAJA fee filing in this circuit and to apply it retroactively would produce substantial injustice. As noted by Judge Plunkett of the Northern District of Illinois in *Lopez, supra:*

> In *Chevron Oil Co. v. Huson,* 404 U.S. 97 [92 S.Ct. 349, 30 L.Ed.2d 296] (1971), the Court enunciated three factors courts must consider when determining whether a decision should be applied retroactively. First, the decision "must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Id.* at 106 [92 S.Ct. at 355] (citations omitted). Second, the court will weigh the merits and demerits in each case " 'by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' " *Id.* at 107 [92 S.Ct. at 355] (quoting *Linkletter v. Walker,* 381 U.S. 618, 629 [85 S.Ct. 1731, 1738, 14 L.Ed.2d 601] (1965)). Third, the court will consider "the inequity imposed by retroactive application," and will hold for nonretroactivity where to do otherwise would produce "substantial inequitable results." *Id.*

Applying these factors to the case before us we find the following: (1) *Melkonyan* did overrule clear past precedent by holding that courts could no longer retain jurisdiction in sentence four cases after they entered a remand order; (2) the operation of the principle established by *Melkonyan* will not be retarded by a finding of nonretroactivity, whereas the purpose of the EAJA would [be] thwart-

ed by retroactive application; and (3) applying *Melkonyan* retroactively in this case would work a substantial injustice since Plaintiff would not have filed an acceptable EAJA application 30 days after our April 2, 1990 order became unappealable since the law at that time held that such an application could only be maintained after the termination of the administrative proceedings on remand.

Based on these findings, we decline to apply *Melkonyan* retroactively to the case before us.

*Lopez v. Sullivan,* No. 89 C 6482, Mem.Op. and Order at 14–16 (N.D.Ill., Nov. 12, 1991). This court agrees and finds that *Melkonyan* will not apply retroactively to this case.

### CONCLUSION

For the reasons set forth above, the Plaintiff's motion for entry of final judgment (# 26) is DENIED and the Plaintiff's application for attorney's fees and costs (# 24) is GRANTED. Although Plaintiff's fee request is untimely by current standards, such was not the law at the time when the Plaintiff delayed her application. Since the Defendant argued only that her petition was untimely, this court will allow fees in the amount requested, namely 27.7 hours at $100 per hour. *See Randolph v. Sullivan,* 738 F.Supp. 305 (C.D.Ill.1990). The Clerk is instructed to enter a supplemental final judgment which shows that attorney's fees and costs have been awarded in favor of the Plaintiff and against the Defendant in the amount of $2,770.