Lois MAGRAY, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 90–C–152.

United States District Court,
E.D. Wisconsin.

Dec. 7, 1992.

Mary Bednarik, Legal Services of North-
eastern Wisconsin, Inc., Sheboygan, WI,
for plaintiff.

Stephen J. Liccione, Asst. U.S. Atty., Mil-
waukee, WI, for defendant.

## ORDER

TERENCE T. EVANS, Chief Judge.

On January 23, 1992, I reversed the Sec-
retary's determination that Ms. Magray
was not entitled to benefits and remanded
the case to the Secretary for reconsidera-
tion. The Secretary concedes that my Jan-
uary 23 order was a "sentence four" re-
mand under 42 U.S.C. § 405(g), which in-
deed it was.[1]  *See* defendant's memoran-

---

1. The Supreme Court has found that there are
only two types of remands under section 405(g):
remands pursuant to the fourth sentence of the
subsection and remands pursuant to the sixth
sentence. *Melkonyan v. Sullivan,* — U.S. —,
—, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78
(1991); *Sullivan v. Finkelstein,* 496 U.S. 617,
624–28, 110 S.Ct. 2658, 2663–65, 110 L.Ed.2d 563
(1990). Sentence four provides that the district
court has the power to enter "a judgment af-
firming, modifying, or reversing the decision of
the Secretary, with or without remanding the
cause for a rehearing." Sentence six provides
that the court may "at any time order additional

dum of March 18, 1992, at 1. Ms. Magray timely filed an application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

### Prevailing Party

Under the EAJA, attorney fees may be recovered against the government by a "prevailing party" if the position of the government in the litigation was not "substantially justified." 28 U.S.C. § 2412(d). The Secretary requested that I stay briefing and consideration of the fees and expenses issue until the proceedings on remand were complete, contending that until the results of the remand were determined, Ms. Magray could not be deemed a "prevailing party" under the EAJA. In an order of June 9, 1992, I denied the Secretary's request for a stay and ordered it to respond to the merits of the fee application. In that order I determined that Ms. Magray was a prevailing party because she won a sentence four remand, which is a final judgment ending this civil litigation. In his response brief, the Secretary bases the majority of his opposition again on the argument that Ms. Magray is not a prevailing party, discussing the issue "so that this Court may in its discretion reconsider its finding" of June 9.

This is now the third time I have revisited the sentence four versus sentence six issue. *See*, of course, *Magray v. Sullivan*, 807 F.Supp. 495 (E.D.Wis.1992); *see also Kolman v. Sullivan*, 782 F.Supp. 423 (E.D.Wis.1992). Nevertheless, the government continues to argue that although a request for attorney fees after sentence four remand must be made within 30 days

because it is a "final judgment," that judgment is not so final when it comes to determining prevailing party status because it is uncertain whether Ms. Magray will receive the contested Social Security benefits. I appear to be one of the first courts within this circuit to address this prevailing party problem.[2] I once again repeat my view that *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), dictates that Ms. Magray is a prevailing party. The language used by lower courts in several other cases additionally supports this determination. Moreover, on the facts of this case, Ms. Magray is certainly entitled to prevailing party status.

To reiterate, in *Sullivan v. Hudson*, 490 U.S. 877, 886, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989), the Supreme Court seemed to suggest that on remand a party cannot prevail until the results of that remand are known:

> Thus, for purposes of the EAJA, the Social Security claimant's status as a prevailing party and the final judgment in her "civil action ... for review of agency action" are often completely dependent on the successful completion of the remand proceedings before the Secretary. Moreover, the remanding court continues to retain jurisdiction over the action within the meaning of the EAJA, and may exercise that jurisdiction to determine if its legal instructions on remand have been followed by the Secretary.

In *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), however, the Court explained the difference

---

evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

**2.** Although other district courts have discussed this topic, their cases so far have been resolved by either finding that the remand was under sentence six or that *Melkonyan* was not retroactively applicable to sentence four cases remanded prior to *Melkonyan* but not yet completed at the administrative level. *See, e.g., Kolman* (sentence six, jurisdiction maintained); *Thomas for*

*Brown v. Sullivan*, 785 F.Supp. 788 (C.D.Ill. 1992) (*Melkonyan* not retroactive); *Lopez v. Sullivan*, 780 F.Supp. 496 (N.D.Ill.1991) (*Melkonyan* not retroactive); *Boss v. Sullivan*, 1991 WL 286306 (N.D.Ill.1991) (*Melkonyan* not to apply retroactively to remand, even though remand made 19 days after *Melkonyan* ). I have found no decisions within this circuit, however, focusing on the prevailing party issue in a post-*Melkonyan* sentence four remand case. Judge Scott O. Wright, in the Western District of Missouri, has considered a fee request after a post-*Melkonyan* sentence four remand and has reached the same conclusion as I do. *See Sesker v. Sullivan*, 779 F.Supp. 1042 (W.D.Mo.1991).

between the "sentence four" and the "sentence six" remands for purposes of appeal. The Court concluded that sentence four remands were immediately appealable, but sentence six remands were not. The decision was not in contravention of *Hudson* because in *Hudson* the administrative proceedings on remand were "part and parcel" of the civil lawsuit—the sentence six situation. 496 U.S. at 629–31, 110 S.Ct. at 2666–67.

Then came *Melkonyan*, in which the Court concluded that in sentence four remand cases, the time for filing EAJA requests begins after the final judgment ("affirming, modifying, or reversing") is entered and the appeal period has run, while in sentence six cases, the filing period does not begin until after the postremand proceedings are complete, the district court enters a final judgment, and the appeal period runs. After *Melkonyan*, in sentence four cases, the activity for which a party may recover attorney fees and expenses under the EAJA is the district court proceeding. *Melkonyan* thus directs that the *Hudson* decision applies only to sentence six remands:

> The issue in *Hudson* was whether, under § 2412(d), a "civil action" could include administrative proceedings so that a claimant could receive attorney's fees for work done at the administrative level following a remand by the District Court. We explained that certain administrative proceedings are "so intimately connected with judicial proceedings as to be considered part of the 'civil action' for purposes of a fee award." *Id.* at 892, 109 S.Ct., at 2258. We defined the narrow class of qualifying administrative proceedings to be those "where 'a suit has been brought in a court,' and where 'a formal complaint within the jurisdiction of a court of law' *remains pending and depends for its resolution upon the outcome of the administrative proceedings.*" *Ibid.* (emphasis added).... "We did not say

that proceedings on remand to an agency are 'part and parcel' of a civil action in federal district court for all purposes...." *Sullivan v. Finkelstein, supra*, 496 U.S., at 629, 110 S.Ct. at 2666–2667.

—— U.S. at ——, 111 S.Ct. at 2162. Other district courts have agreed that *Melkonyan* limits *Hudson* to sentence six remands. *See, e.g., Lopez v. Sullivan*, 780 F.Supp. 496, 501 (N.D.Ill.1991); *Wilson v. Sullivan*, 751 F.Supp. 1281, 1285 and n. 2 (N.D.Ill.1990). *Melkonyan* made it clear that a sentence four remand is a final judgment ending the civil litigation and triggering the EAJA filing period. *Id.* at 2165. A final judgment is just that—final; nothing further will happen to determine who wins or who loses. The prevailing party is determinable at that time.

My decision that Ms. Magray is a prevailing party does not contravene the prior case law cited by the government. *Singleton v. Bowen*, 841 F.2d 710 (7th Cir.1988), a case which clearly states that "a Social Security claimant does not become a 'prevailing party' within the reach of the EAJA when the claimant obtains a remand from a district court," is inapplicable, as it seems to describe a sentence six situation [3] and, in any event, was written at least 2 years before the sentence four versus sentence six issue ever became important through *Finkelstein* and *Melkonyan*. Since no one, including the Seventh Circuit, was omniscient enough to take the distinction into account at that time, *Singleton* is of no help today; it is no longer controlling. *See Thomas for Brown v. Sullivan*, 785 F.Supp. 788 (C.D.Ill.1992) (*Singleton* is no longer valid in light of *Melkonyan*); *Boss v. Sullivan*, 1991 WL 286306 (N.D.Ill.1991) (*Melkonyan* overruled *Singleton*); *Lopez*, 780 F.Supp. at 503 n. 8 (N.D.Ill.1991) (*Melkonyan* overruled the clear precedent of *Singleton*); *Butts v. Bowen*, 775 F.Supp. 1167, 1171 (N.D.Ill.1991).[4]

---

**3.** The Secretary was instructed to complete an evaluation of the claimant's application and to obtain further medical records before making a new determination.

**4.** Many other cases cited by the Secretary are inapplicable because they either discuss a non-sentence four situation and/or also predate *Melkonyan: Damato v. Sullivan*, 945 F.2d 982, 986–87 (7th Cir.1991) ("It is clear from the face of

Chief Judge Michael M. Mihm of the Central District of Illinois discussed this very issue in dicta before finding that *Melkonyan* had no retroactive effect. Our positions are concurrent:

In discussing the appropriate timing for an EAJA petition, the Supreme Court in *Melkonyan* stated that in a sentence four remand, the plaintiff should apply for fees within 30 days of that judgment becoming final, without mentioning that such application would be premature because of the absence of prevailing party status. [—— U.S. at ——,] 111 S.Ct. at 2165. It would be most difficult to imagine that the Supreme Court would prescribe a filing period of 30 days after the remand order becoming final if an application so timed would be inevitably doomed for lack of "prevailing party" status.

Indeed, if *Singleton* and *Hendricks* [847 F.2d 1255 (7th Cir.1988)] were still considered to be good law after *Melkonyan,* a social security plaintiff who obtains a sentence four remand would almost never be able to secure EAJA fees. If the plaintiff filed for fees within 30 days of the final judgment as required by *Melkonyan,* the Secretary would oppose the motion on the grounds that it is premature for lack of prevailing party status. If, on the other hand, the plaintiff waited for fees until benefits were awarded on remand, the Secretary would oppose the motion on the grounds that it was filed too late in the light of the dictates of *Melkonyan.* For these reasons, it seems clear that the Supreme Court in *Melkonyan* believed that a claimant who obtains a sentence four remand is at that point a prevailing party and entitled to apply for EAJA fees.

*Thomas,* 785 F.Supp. at 791–92. *See also Audette v. Secretary of HHS,* 776 F.Supp. 84, 91 (D.R.I.1991) ("The point in *Melkonyan,* however, is that a sentence four remand . . . *does* make a claimant a prevail-

ing party. Under a sentence six remand, the traditional notion of prevailing party remains the same."); *see also Sesker v. Sullivan,* 779 F.Supp. 1042, 1044 (W.D.Mo. 1991) ("plaintiff is a prevailing party because he won the relief he requested, a remand").

Several other factors also point to the conclusion that in winning a sentence four remand, Ms. Magray became a prevailing party. As I noted in my June 9 order, subsection (a) of section 2412 indicates that "prevailing party" means that party prevailing in the *civil action* brought by or against the United States. If a final judgment has been made and the civil action is over, with the result being a reversal of the Secretary's decision, the claimant must have prevailed in the civil action. This is particularly true in this case, where Ms. Magray won the exact relief she requested. In her complaint, Ms. Magray requested two main things: (1) that I reverse and set aside the decision of the Secretary that denied her benefits because it was not supported by substantial evidence and because use of the "grids" was improper, and (2) either a determination that she is entitled to benefits *or,* in the alternative, a remand for a new administrative hearing. Ms. Magray won and received just that. I set aside the Secretary's decision and remanded for a new hearing. Regardless of whether the Secretary eventually grants her benefits, she prevailed in this civil case for all the substantive relief she desired and the case here is now over.

The Secretary points to several cases that discuss attorney fees under 42 U.S.C. § 1988. Section 1988 provides in relevant part that "[i]n any . . . proceeding to enforce a provision of [various civil rights sections], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." A party prevails for section 1988 purposes only if she "succeeded on 'any significant issue in litigation which achieve[d] some of

---

the district court's judgment, however, that the court did not remand under sentence four. . . ."); *Hendricks v. Bowen,* 847 F.2d 1255 (7th Cir.1988) (reform act mandated remand and pre-*Melkonyan*); *Escobar v. Bowen,* 857

F.2d 644 (9th Cir.1988) (sentence six and pre-*Melkonyan*); *Swedberg v. Bowen,* 804 F.2d 432, 434 (8th Cir.1986) (sentence six and pre-*Melkonyan*).

the benefit [she] sought in bringing suit.'" *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 791–92, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989), *quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978). "[A]t a minimum, to be considered a prevailing party ... the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between [her]self and the defendant." 489 U.S. at 792, 109 S.Ct. at 1493 (citations omitted).

According to the Secretary, the purpose of Ms. Magray's suit was to recover benefits; and, because she has not received benefits yet, she cannot be considered to have prevailed. This analogy comes from other section 1988 cases: *e.g., Warren v. Fanning*, 950 F.2d 1370, 1375 (8th Cir. 1991) (in an action seeking only money damages, a determination that a constitutional violation has occurred, unaccompanied by any kind of damage award, does not change the legal relationship and is merely a technical victory); *Estate of Farrar v. Cain*, 941 F.2d 1311, 1315 (5th Cir. 1991), *cert. granted sub nom. Farrar v. Hobby*, — U.S. —, 112 S.Ct. 1159, 117 L.Ed.2d 407 (1992) ("when the sole object of a suit is to recover money damages, the recovery of [no money] is no victory under section 1988").

The Secretary's analogy does not work here. Ms. Magray did not have money benefits as the *sole* aim of her case before me. Benefits are the goal of her proceedings on remand before the Secretary, but, as described above, the aim of Ms. Magray's *civil case* was to get the Secretary's denial of benefits overturned based on the improper use of "grids" by the administrative law judge and the unfounded conclusions made from the evidence at hand. Under *Garland* Ms. Magray still wins. Magistrate Judge Goodstein's recommendations, adopted by me, certainly changed the relationship between the parties. The Secretary must reconsider her case without using his main reason for denying her benefits. Further, in finding that the ALJ's decision had little basis in fact, Magistrate Judge Goodstein directed the Secretary to do everything over, basing the future consideration more squarely on the facts. The Secretary's behavior has been modified; rather than being done with Ms. Magray, he must start over, without considering and basing his conclusions on the same points on which he based his first decision.

I again repeat that Ms. Magray is a prevailing party. In reaching this decision I am mindful of the fact that a panel of the Court of Appeals for the Fifth Circuit reached a contrary result last month in *Bertrand v. Sullivan*, 976 F.2d 977 (5th Cir.1992). I think the analysis of the issue in this decision makes more sense under *Melkonyan*. *Bertrand*, which of course is not controlling in this circuit, involved an appeal of a district court's denial of a motion for reconsideration, a situation subject to a deferential review for abuse of discretion. Also, much of *Bertrand*'s authority is pre-*Melkonyan*. I believe that *Melkonyan* should be taken at its word. The Supreme Court has set forth the distinction between sentence four remands, which are final judgments, and sentence six remands, which are not. In winning a final judgment under sentence four, Ms. Magray became the prevailing party. She won the relief her lawsuit aimed to achieve.

### Substantial Justification

■ Attorney fees are mandatorily awarded under 28 U.S.C. § 2412(d)(1)(A) "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." In other words, the government bears the burden of convincing me that a fee award should not be presumed. *Nesvold v. Bowen*, 687 F.Supp. 443, 447 (N.D.Ind.1988).

■ For purposes of section 2412(d)(1)(A), "substantially justified" means that the Secretary's administrative and litigation positions were "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (citation omitted). The EAJA favors treating a case as "an inclusive

whole, rather than as atomized line-items." *Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 160, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990). Whether the government's position was substantially justified "shall be determined on the basis of the record" of both the civil action and the government's action leading to the civil case. 28 U.S.C. § 2412(d)(1)(B).

█ In reviewing the decision of the Secretary upon the cross-motions for summary judgment, the findings of the Secretary had to be accepted if they were supported by substantial evidence. 42 U.S.C. § 405(g); *Pugh v. Bowen,* 870 F.2d 1271, 1274 (7th Cir.1989). But, even if substantial evidence supports the Secretary's findings, the ALJ could be reversed if he or she committed an error of law. *Id.* In this case, I found the Secretary's evaluation of the facts to lack substantial evidentiary support. In his motion for summary judgment, the Secretary asserted that the use of the grids was proper and that the grids provided substantial evidence to support the ALJ's decision. I found that the use of the grids was improper because the ALJ's foundational conclusion regarding Ms. Magray's ability to perform unskilled work was not supported by reliable evidence. As Magistrate Judge Goodstein noted, there "simply [was] not sufficient evidence in the record to support the ALJ's conclusions" and the ALJ failed to articulate his reasons for rejecting the evidence in the record that supported a conclusion contrary to his. The ALJ's position was not substantially justified and the Secretary was not reasonable in defending the ALJ's weak decision. Furthermore, the government's position on this fee petition has been unreasonable as well, relying on outdated and overruled points while avoiding recent cases like *Thomas* and *Lopez.* In light of the entire record, a reasonable person could not find substantial justification for the Secretary's position both in the action preceding this case and in the civil case itself.

Ms. Magray has requested a total fee award of $3,019.92 based on the itemized time statement of attorney Mary Bednarik

and the maximum hourly rate of $75, adjusted for cost of living increases. This amount is reasonable and justified.

IT IS THEREFORE ORDERED that Ms. Magray is AWARDED attorney fees under the EAJA totaling $3,019.92 to be paid by the defendant to Ms. Magray's attorneys at Legal Services of Northeastern Wisconsin, Inc.