**Josephina OFRAY, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. Civ–86–979L.**

United States District Court, W.D. New York.

April 26, 1990.

Edwin Lopez–Soto, Greater Upstate Law Project, Rochester, N.Y., for plaintiff.

Charles Pilato, Asst. U.S. Atty., Rochester, N.Y., for defendant.

### DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Josephina Ofray, commenced this action for review of the Secretary's decision denying his application for Supplemental Security Income (SSI) benefits. On February 27, 1989, this Court remanded the case for further administrative proceedings. Pursuant to the Appeals Council's decision on November 15, 1989 in plaintiff's favor, this Court entered an Order and Stipulation discontinuing the action on January 30, 1990.

Plaintiff's attorney, Edwin Lopez–Soto, Esq., now moves for an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff requests $6,992.64 for 57.8 hours of work at $120.98 an hour. Plaintiff arrived at this hourly rate by taking the statutory rate of $75 per hour and making a cost-of-living adjustment based on the Consumer Price Index (CPI) for "Other Services."

The Government agrees that plaintiff is entitled to an award of attorney's fees, but disputes the reasonableness of the hourly

---

rate. The Government concedes that plaintiff is entitled to a cost-of-living adjustment to the statutory $75.00 per hour rate, but not by utilizing the index for "Other Services." The Government argues that the cost-of-living adjustment should be made using the CPI for "All Items," which is lower than the "Other Services" index. Use of the "All Items" index would result in an hourly rate of $100.37, rather than the $120.98 rate sought by plaintiff.

Plaintiff admits that the "All Items" index has generally been used in the past in EAJA cases, but argues that that does not justify its continued use. Plaintiff contends that the "Other Services" index more accurately reflects the cost of legal services.

In addition, after filing his motion, plaintiff informed the Court that he had discovered what he considers an even more appropriate index, the CPI for "Personal and Educational Services," which expressly includes "legal" services. This index is higher than either the "All Items" or "Other Services" indices. Plaintiff therefore requests compensation at least under the "Other Services" rate, and preferably at the "Personal/Educational Services" rate.

The case law on this issue is sparse. The Government has cited a Magistrate's report in *Torres v. Sullivan*, Civ. No. B–86–431, (D.Conn. January 9, 1990), later affirmed by the district court, which held that the "All Items" index should be used, rather than the "personal expenses" index (it is unclear whether the "personal expenses" index and the "Personal and Educational Services" index are the same). The Magistrate reasoned that the courts had always used the CPI for "All Items," and that the plaintiff had offered no compelling reason to deviate from that practice.

Plaintiff points to *Davie v. Sullivan*, Civ–88–1361T (W.D.N.Y. February 9, 1990), in which Chief Judge Michael A. Telesca of this Court granted a fee award to the same attorney in this case, using the "Other Services" index. However, the Government in *Davie* did not oppose the rate sought by plaintiff, so the Court was not squarely

faced with the issue, and did not address it in its written decision.

The Court has discovered another EAJA case, *Malick v. Heckler*, Civ.A. No. 85–4946, 1989 WL 831 (E.D.Pa. Jan. 9, 1989) in which the court granted attorney's fees with a cost-of-living adjustment based on the "services" index, which the court found more accurate than the "All Items" index advocated by the Government. The award was calculated at the rate of $103.50 per hour.

The Second Circuit Court of Appeals does not appear to have previously faced this issue. The Court has approved use of the CPI in calculating cost-of-living increases under the EAJA, but has not expressly endorsed any particular category of the CPI. *See, e.g., Trichilo v. Secretary*, 823 F.2d 702, 704 (2nd 1987). As noted, however, plaintiff essentially concedes that use of the "All Items" index has been the customary practice in the past, *see, e.g., Ramon–Sepulveda v. Immigration & Naturalization Service*, 863 F.2d 1458 (9th Cir. 1988); *Dabone v. Thornburgh*, 734 F.Supp. 195 (E.D.Pa.1990); *United States of America v. Willens*, 731 F.Supp. 1579 (S.D.Fla. 1990), and that there is no controlling authority mandating the adoption of a particular subindex.

With regard to Congressional intent, neither the statute itself nor the legislative history indicates explicitly that Congress meant for a particular index to be used. For example, the House Report states simply that an attorney may be compensated at a rate in excess of $75 per hour where special circumstances exist, such as "an increase in the cost of living." H.R.Rep. No. 1418, 96th Cong., 2d Sess., *reprinted in* 1980 U.S.Code Cong. and Ad. News 4984, 4994.

Nevertheless, the use of the broad term "cost of living" seems to suggest that Congress had in mind increases in the overall cost of living, rather than increases in a specific category of the CPI. Presumably, if Congress had intended that a specific index be used, it would have said so.

In addition, the original EAJA contained a sunset provision repealing the section

after three years, at which time the statute was renewed by Congress. Pub.L. No. 99–80, § 6(a); *Trichilo, supra,* 823 F.2d at 705. Had the courts' customary use of the "All Items" index been contrary to Congress' intent, the statute could have been amended at the time of its renewal to provide for use of a particular index. While Congress' failure to amend the statute may not be proof of the intent behind the provision, the fact remains that there is nothing to suggest that Congress intended that any particular index be used. The statute is framed in broad, general terms, and I therefore decline to read into it a requirement that a particular category of the CPI be used.

For these reasons, plaintiff's motion for attorney's fees under the EAJA is granted; however, plaintiff will be compensated at an hourly rate of $100.37, which represents the statutory rate of $75 per hour adjusted to reflect the increased cost of living under the CPI for "All Items." I have reviewed the hours of work claimed by plaintiff, and they seem reasonable. The total amount of the award, therefore, is $5,801.39.

IT IS SO ORDERED.