James BUTTS, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

No. 88 C 4618.

United States District Court,
N.D. Illinois, E.D.

Oct. 4, 1991.

Frederick J. Daley, Dorie Budlow, Chicago, Ill., for plaintiff.

Thomas P. Walsh, Asst. U.S. Atty., Civil Div., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiff James Butts is a disabled worker entitled to social security disability benefits effective January 1, 1980. Although disabled more than a decade ago, it was not until June 21, 1991 that defendant Secretary of Health and Human Services finally determined that Butts was entitled to disability benefits beginning in 1980. This award of benefits was based on an application for benefits submitted nearly a decade ago on April 8, 1982. Now pending before the court is plaintiff's petition for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant opposes the petition on three grounds, one of which is timeliness.

The earlier proceedings in this case need not be detailed. As of May 1988, when plaintiff filed his complaint in federal court, the Secretary had determined that plaintiff was disabled as of September 29, 1984. On review by this court, it was held that a remand for further proceedings was required. As stated in this court's March 31, 1989 memorandum opinion:

> Both the ALJ's failure to fully take into consideration the combined effect of plaintiff's impairments and his failure to properly apply SSR 83–20 by not conferring with a medical advisor in making the necessary inferences in selecting the on-set date are independently sufficient grounds for remand. This case will be remanded to the Secretary for a redetermination of the onset date of plaintiff's disability in accordance with SSR 83–20, taking into consideration the combined effect of all impairments.

March 31, 1989 Order at 12. The following order was entered which was incorporated on a judgment order form entered on April 3, 1989.

> Pursuant to Memorandum Opinion and Order, IT IS ORDERED that plaintiff's motion for summary judgment is granted in part and denied in part. Defendant's motion for summary judgment is denied. The Clerk of the Court is directed to enter a judgment in favor of plaintiff and against defendant vacating the decision of the Secretary and remanding this case to the Secretary for further proceedings consistent with this opinion.

On remand, a new hearing was held and the Administrative Law Judge ("ALJ") issued a decision dated December 29, 1989 in which it was determined that the onset date of plaintiff's disability was January 1, 1982. Plaintiff sought review before the Appeals Council. Plaintiff also filed a petition for EAJA fees with this court. Defendant opposed consideration of the fee petition on the ground that it was premature. In an order dated July 27, 1990, the petition was denied without prejudice as premature. Although only plaintiff had sought review, it was still possible for the Appeals Council to determine an onset date later than the date found by the ALJ. Therefore, as of July 1990, it was not yet determined that plaintiff was a prevailing party for purposes of the EAJA. July 27, 1990 Order at 2–3. On June 21, 1991, the Appeals Council issued a decision finding that plaintiff had been disabled since January 1, 1980. On July 19, 1991, plaintiff filed his present petition for attorney's fees.

Citing *Melkonyan v. Sullivan*, — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the Secretary now argues that plaintiff's fee petition is untimely. The Secretary now argues that plaintiff's fee petition had to be filed within 30 days after the March

31, 1989 remand order was no longer appealable.[1] In other words, defendant now argues that the petition was due by July 3, 1989, whereas in July 1990 he argued that the petition was premature. The basis for this inconsistency is defendant's view that *Melkonyan* overruled existing precedents.

Whether plaintiff's petition is timely depends on the construction of two statutes. The EAJA provides that a "party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action*, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection,...." 28 U.S.C. § 2412(d)(1)(B). Under the EAJA, "'final judgment' means a judgment that is final and not appealable, and includes an order of settlement." *Id.* § 2412(d)(2)(G). The Social Security Act provides for judicial review of social security disability determinations. 42 U.S.C. § 405(g). The fourth sentence of § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record a *judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing*." The sixth sentence of that statute provides:

> The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both,

and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

In *Melkonyan*, Melkonyan was denied disability benefits and sought judicial review of that denial. While that case was pending, Melkonyan pursued a second application for disability benefits on which he ultimately succeeded, but not beginning at as early a date as he had sought in the first application. With cross-motions for summary judgment pending, the Secretary moved for a remand to the Appeals Council for consideration of the new evidence submitted with the second application. Melkonyan initially opposed that motion. Three months later, however, citing failing health and financial needs, Melkonyan moved the district court to either issue a decision on the summary judgment motions or remand the cause to the Secretary. The district court then entered the following order: "Defendant's motion to remand, concurred in by plaintiff, is granted. The matter is remanded to the Secretary for all further proceedings." One month after the remand, the Appeals Council found Melkonyan was entitled to benefits effective the date of his first application. Melkonyan did not file his petition for EAJA fees for another year thereafter. *See Melkonyan*, 111 S.Ct. at 2160.

■ The Supreme Court held that "final judgment in the action," as used in the EAJA, only means court judgments; it does not include decisions in administrative proceedings.[2] *Id.* at 2161–62. Therefore, an EAJA petition must be filed within 30 days of a court judgment; the thirty days are not measured by the date of an administrative decision such as that of the Appeals Council. On the facts before the

---

1. The parties had 60 days from the April 3, 1989 entry of judgment to file a notice of appeal. *See* Fed.R.App.P. 4(a)(1).

2. The Seventh Circuit had previously held that the decision of the Appeals Council following a remand from the district court is a final judg-

ment beginning the 30–day period for filing a fee petition. *Jabaay v. Sullivan*, 920 F.2d 472 (7th Cir.1990). Issuance of the mandate was recalled and proceedings were stayed in *Jabaay* pending a decision in *Melkonyan*. *Jabaay*, 920 F.2d at 476.

Supreme Court in *Melkonyan*, it was clear that the remand order was not a judgment. *Id.* at 2162–63. The facts, however, were insufficient to determine if the order was a remand under the sixth sentence of § 405(g) or a voluntary dismissal under Fed.R.Civ.P. 41(a). *See Melkonyan*, 111 S.Ct. at 2165. The Court apparently determined that the remand could not be considered one under the fourth sentence of § 405(g). *See id.* If a voluntary dismissal, then the civil action ended at that point and Melkonyan could not have been a prevailing party for purposes of the EAJA. *Id.* If a sixth sentence remand, though, then the case should have continued in the district court in accordance with that provision and a judgment could still be entered from which Melkonyan still could have filed a timely petition. *See id.* at 2165–66. Although *dictum* (since the case did not involve a fourth sentence remand), the Court authoritatively stated: "In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Id.* at 2165.

Two terms earlier, in *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 2257, 104 L.Ed.2d 941 (1989), the Supreme Court had held that administrative proceedings following a remand could be considered part of the "civil action" for purposes of awarding EAJA fees. *Hudson* also holds that a claimant must prevail on remand in order to be considered a prevailing party for purposes of the EAJA; simply obtaining a remand does not make one a prevailing party. *Id.* 109 S.Ct. at 2255. *Melkonyan* did not overrule *Hudson*. As stated in *Melkonyan*:

> [In Hudson] [w]e defined the narrow class of qualifying administrative proceedings to be those "where 'a suit has been brought in a court,' *and* where 'a formal complaint within the jurisdiction

of a court of law' *remains pending and depends for its resolution upon the outcome of the administrative proceedings.*" [*Hudson*, 109 S.Ct. at 2258]. *Hudson* thus stands for the proposition that in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level. *Ibid.* "We did not say that proceedings on remand to an agency are 'part and parcel' of a civil action in federal district court for all purposes...." *Sullivan v. Finkelstein*, [— U.S. —] 110 S.Ct. [2658,] 2666–67 [110 L.Ed.2d 563] [ (1990) ].

111 S.Ct. at 2162 (emphasis in *Melkonyan*). In *Finkelstein*, — U.S. —, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), the Court held that remands to the Secretary for further hearings pursuant to the fourth sentence are final, appealable orders.

■ *Finkelstein* makes clear that the type of judgment entered in the present case in April 1989 was final and appealable. 110 S.Ct. at 2663–64. The fourth sentence of § 405(g) refers to affirmances, modifications, or reversals of the Secretary's decisions "with or without remanding the cause for rehearing." Thus, a judgment is final even if remanded for rehearing as in the present case. Such a conclusion is also consistent with the practices of this court which, absent an express retention of jurisdiction or a sixth sentence remand, require the filing of a new case if there is another appeal after the initial remand. The April 3, 1989 judgment in the present case was final for purposes of the EAJA.[3] *Fergason v. Sullivan*, 771 F.Supp. 1008, 1010–11 (W.D.Mo.1991); *Miller v. Sullivan*, 1991 WL 165067 (E.D.Pa. Aug. 23, 1991). *But see Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir.1991).[4] No timely petition for fees was filed from that judgment.

---

**3.** It is noted that the mere fact that this court directed entry of a judgment is not controlling. *See Finkelstein*, 110 S.Ct. at 2665 n. 7.

**4.** *Welter* holds that a remand is not a judgment and therefore the district court implicitly re-

tains jurisdiction to enter a judgment after administrative proceedings are completed. As explained in the text, it is inconsistent with *Finkelstein* and the language of the fourth sentence to hold that remands of the type in the present case are not judgments. Still, the present case

■ Following *Melkonyan*, it would have to be held that the present fee petition is untimely. The question, though, still remains as to whether *Melkonyan* should be retroactively applied. While lamenting *Melkonyan's* retroactive application and eloquently urging the Supreme Court to reconsider *Melkonyan*, *Fergason* holds that *Melkonyan* must be applied retroactively. 771 F.Supp. at 1010–11. *Miller*, however, holds that *Melkonyan* should be applied prospectively. 1991 WL 165067 at *2–3. This court agrees with *Miller* and holds that the present fee petition is timely.

■ If *Melkonyan* is applied retroactively, virtually no social security claimant who succeeded after a pre-*Melkonyan* remand from the district court would be able to file a timely fee petition. Unless the Secretary acted expeditiously,[5] the claimant would not be a prevailing party within 30 days of there being a nonappealable judgment and therefore any petition filed would have been denied as premature if brought before the claimant prevailed in administrative proceedings or would now be denied as untimely in light of *Melkonyan* if filed after succeeding in administrative proceedings.[6] Congress could not have intended that social security claimants would have no means of filing a timely EAJA petition, which is essentially what would happen if *Melkonyan* were applied retroactively. Due to a change in the law while plaintiff's case was on remand, he was left without any opportunity to file a timely petition.

Applying the factors set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct.

349, 30 L.Ed.2d 296 (1971), *Melkonyan* should not be applied retroactively to the present case. *Miller*, 1991 WL 165067 at *2–3. First, the parties agree *Melkonyan* overruled clear Seventh Circuit precedent. *See Singleton v. Bowen*, 841 F.2d 710 (7th Cir.1988). Second, allowing plaintiff and persons similarly situated to now file petitions would not be counter to the purposes of the EAJA whereas it would be contrary to the purposes of that statute to leave persons in such a situation with no means of timely pursuing fees. Third, leaving such persons with no means of filing a timely petition would be a substantially inequitable result. This court agrees with *Miller* that application of the *Chevron* factors calls for prospective application of *Melkonyan*.

The rule recently set forth in *James B. Beam Distilling Co. v. Georgia*, —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), does not produce a contrary result. *Beam* holds that "when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." 111 S.Ct. at 2448. *Melkonyan* was not a fourth sentence remand case and therefore did not apply the new timeliness rule for fourth sentence remands to the litigants in *Melkonyan*.[7] There being no controlling application of the new rule, it is still an open question whether the *Melkonyan* rule being applied in the present case should be applied prospectively or retrospectively.[8] For the rea-

---

reaches the same result as *Welter* in that, like *Welter*, the plaintiff's fee petition is found to be timely. The grounds for reaching such a holding, however, differ.

**5.** According to data cited in *Fergason*, 771 F.Supp. at 1013, it takes an average of 10.1 months after remand to obtain an ALJ decision and an additional 3.8 months for a final Appeals Council decision.

**6.** In cases remanded after *Melkonyan* was decided, the plaintiffs will now request the court to expressly retain jurisdiction to consider a fee petition. Henceforth, this court will, if requested, expressly retain jurisdiction for fee petitions when entering judgments remanding cases to the Secretary.

**7.** To the extent the new rule as to sixth sentence remands was to be applied on remand to the district court in *Melkonyan*, that part of *Melkonyan's* holding would have resulted in the fee petition being found timely if the case had been found by the district court to be a sixth sentence remand. Thus, there was no retroactivity issue in *Melkonyan*.

**8.** It is noted that a recent case in this court indicates that "it would be inconsistent with *Beam* to . . . require consideration of the individual circumstances and equities of each case in determining" whether a rule should be applied prospectively to a particular party. *Berning v. A.G. Edwards & Sons, Inc.*, 774 F.Supp. 480 (N.D.Ill.1991). The holding in the present case would be equally applicable to all pre-

sons stated, it is held that the new rule should be applied prospectively. The present fee petition can be considered since it is timely under Seventh Circuit law existing at the time Butts was pursuing his remand before the Secretary.

Plaintiff is entitled to fees under the EAJA if the position taken by the Secretary was not substantially justified. "Substantially justified" does not mean " 'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (citing *Ramos v. Haig*, 716 F.2d 471, 473 (7th Cir.1983)).

■ Defendant argues that his position was substantially justified in that the ALJ made a reasonable decision based on a fully developed medical record and addressed the required issue. That assertion of the Secretary is certainly wrong in that it was held that the ALJ did not adequately develop the record in that he failed to consult a medical advisor, March 31, 1989 Order at 10–12, and that he did not properly consider plaintiff's various impairments in combination, *id.* at 6–10. In reaching this conclusion, it was noted that the ALJ considered only part of one medical report, ignoring the part that supported plaintiff, *see id.* at 8; failed to consider that impairments may have worsened over time, *see id.* at 9; and that the ALJ essentially substituted his own "medical" opinion for that of a physician, *see id.* at 12. The Secretary, though, argues more than is necessary. To avoid paying fees it is not necessary that the ALJ's decision have been supported by substantial evidence and affirmed; it is only necessary that any argument to that effect be substantially justified. While the Secretary's position in this case was not a frivolous one, this case also cannot be characterized as either a close or difficult case. Instead it falls within that amorphous middle ground that is often difficult to characterize. Given the two grounds for reversal and that the legal errors of the ALJ were clear, the Secretary's position does not reach the level of substantial justification. *Cf. Uskokovic v. Sullivan*, 772 F.Supp. 387 (N.D.Ill.1991). No argument presented in the Secretary's present brief points to the opposite conclusion. Plaintiff is entitled to fees under the EAJA.

■ The Secretary does not dispute any of the hours claimed in support of plaintiff's fee petition, but does dispute certain of the rates charged. By statute, the hourly rate is limited to "$75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The parties agree that a cost of living adjustment is appropriate, but disagree as to the appropriate adjustment to make. Defendant relies on the Consumer Price Index for all Urban Consumers, whereas plaintiff wants to use the "Legal Services" component of that index which reflects a greater rate of inflation than the general index. The general index more properly reflects changes in the cost of living than does increases in the rates charged by attorneys, which is all that the Legal Services component measures. The general Consumer Price Index is the index that should be used. *Uskokovic, supra; Ofray v. Secretary of Health & Human Services*, 741 F.Supp. 53 (W.D.N.Y.1990); *Wells v. Sullivan*, Unempl.Ins.Rep. (CCH) ¶ 16036A,

---

*Melkonyan* remand cases. Except perhaps for rare cases where jurisdiction was expressly retained, all claimants who had their cases remanded during the relevant time period are left without a means for filing a timely petition. This court does not rely in any way on the special circumstances of this case that a prior petition was dismissed as premature. While it is recognized that the Secretary has taken inconsistent positions in this case, it is also recognized that even the first fee petition would have been found untimely and rejected if the new rule indicated by *Melkonyan* had been applied. The first petition was filed well after the remand judgment became final.

1990 WL 124067 (N.D.N.Y.1990). *Contra De Walt v. Sullivan,* 756 F.Supp. 195, 198–200 (D.N.J.1991). Per plaintiff's alternative argument, it is appropriate to use the index for Chicago instead of the index for all Urban Consumers in the country. Based on plaintiff's computation, the maximum rate shown by the local index through July 1991 is $111.37.

Based on plaintiff's initial and supplemental time log (which includes hours related to briefing the fee issue), plaintiff is entitled to an award reflecting 115.75 attorney hours and 9.5 hours for third year law students for which a rate of $75 per hour is requested. Plaintiff also seeks $1,049 of expenses for experts and the $120 filing fee. Defendant does not object to either of those expenses. One hundred fifteen and three-quarters hours at $113.37 per hour equals $13,123. Nine and one-half hours at $75 per hour equals $713. Plaintiff is entitled to $13,836 for fees, $1,049 for expenses, and $120 for costs.

IT IS THEREFORE ORDERED that plaintiff's petition for fees is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant awarding plaintiff $13,836 in attorney's fees, $1,049 for expenses, and $120 for costs for a total of $15,005. Defendant is to pay this judgment directly to plaintiff's attorney, Frederick J. Daley.