**Tina WOODS, Plaintiff,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 87 C 222.**

United States District Court, N.D. Illinois, E.D.

Nov. 15, 1991.

Frederick J. Daley, Dorie Budlow, Frederick J. Daley, Ltd., Chicago, Ill., for plaintiff.

James John Kubik, U.S. Attorney's Office, Chicago, Ill., for defendant.

## AMENDED ORDER

NORGLE, District Judge.

The court is presented with Dorie Budlow's ("Budlow") petition for an attorney

fee and expense awards under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. She incurred these expenses in her representation of the plaintiff, Tina Woods ("plaintiff"). For reasons that follow, the court denies the petition.

## FACTS

On June 16, 1986, an Administrative Law Judge ("A.L.J.") in the Department of Health and Human Services ("H.H.S."), denied plaintiff's application for Disability Insurance Benefits and Supplemental Security Income. The Appeals Council, an appellate division of the H.H.S., upheld the decision, thereby making this judgment the decision of the defendant, the Secretary of H.H.S.

Plaintiff sought review in the United States District Court. On March 30, 1988, this court issued an order finding that plaintiff had presented to this court substantial new and material evidence and that she had demonstrated good cause for failing to present this evidence to the A.L.J. at an earlier date. *Woods v. Bowen*, No. 87 C 222, slip op. at 11, 1988 WL 247678 (N.D.Ill. March 30, 1988). The court also stated that the A.L.J. had inadequately developed the record concerning plaintiff's impairments, erred in making certain medical findings, and failed to justify his decision to discredit certain evidence. *Id.* at 7–11. The court concluded, pursuant to 42 U.S.C. § 405(g), that the matter should be remanded to the Secretary so that he could receive and consider the additional evidence not previously presented. *Id.* at 12.

The case was sent to the same A.L.J. who, after hearing the new evidence, rendered a decision for the plaintiff on November 30, 1989. On August 7, 1990, the Appeals Council amended the A.L.J.'s decision, concluding that plaintiff was disabled from the date she alleged, July 24, 1984, for all reasons she claimed. Nothing more with regard to that decision has occurred.

Plaintiff's attorney then petitioned for fees and expenses under 28 U.S.C. § 2412, claiming her client was the prevailing party and that the Secretary's position was not substantially justified. The Secretary had little objection to the granting of fees and expenses to Budlow for her representation of the plaintiff. That is, until June 10, 1991, when the Supreme Court decided the case of *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). The Secretary moved on July 1, 1991, to dismiss Budlow's fee application as untimely under *Melkonyan.*

## DISCUSSION

Because the parties contest application of the Supreme Court's discussion in *Melkonyan,* the court must first determine whether that case was intended to have retroactive effect.

### A. *Retroactivity of Melkonyan*

■ Zakhar Melkonyan filed an action in United States District Court seeking review of the Secretary of the Department of Health and Human Services's denial of disability benefits under 42 U.S.C. § 405(g). Shortly before he filed his complaint in that action, he filed a second application for benefits with certain new evidence. Three months later petitioner's *second* application was approved. He then sought summary judgment in his case before the federal court which was based on the *first* application. Instead the matter was remanded and, eventually the petition was approved in full. More than a year later, his attorney sought fees for his representation of Melkonyan. The principal issue before the Supreme Court on appeal was the meaning of the terms "final judgment" in 28 U.S.C. § 2412 for if final judgment included the decisions of administrative agencies, petitioner's application was stale. As will be explored in greater detail below, the Court held that a final judgment is one rendered by a court of law, not an administrative body. *Melkonyan,* 111 S.Ct. at 2162. The question initially presented to this court is whether the *Melkonyan* decision should be applied retroactively to this case.

Initially, the court notes that the opinion itself does not address the question of retroactivity. Moreover, there is no binding precedent on the issue of *Melkonyan's*

retroactive effect.[1] Thus, this court must make its determination based on existing Supreme Court precedent concerning retroactive application of cases.

The leading case on retroactive application of caselaw is *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In reviewing its decisions resolving the retroactive application question, the Court stated:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which the litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it must be stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by holding nonretroactivity."

*Chevron Oil,* 404 U.S. at 106–07, 92 S.Ct. at 355–56 (citations omitted). The *Chevron Oil* analysis, when applied here, shows the Court intended *Melkonyan* to have retroactive effect.

First, *Melkonyan* does not create new law in this circuit. After *McDonald v. Schweiker,* 726 F.2d 311, 314 (7th Cir.1983), and *McQuiston v. Marsh,* 707 F.2d 1082 (9th Cir.1983), reached differing conclusions regarding the meaning of final judgment in the 28 U.S.C. § 2412 context, "Congress responded to this split in the federal courts by explicitly adopting and ratifying the *McDonald* approach." *Melkonyan,*

111 S.Ct. at 2162. *Melkonyan* followed that interpretation set forth in *McDonald. Id.* Thus the first element weighs in favor of retroactive application.[2]

Second, prospective application of *Melkonyan* would only serve to frustrate the goals it seeks to serve. That decision seeks to quantify the meaning of the terms "final judgment" in the limited context of § 2412. By applying the *Melkonyan* decision prospectively, the courts would be required to sort out which cases have been filed on which days and determine which are entitled to which interpretation of "final judgment." Furthermore, retrospective application would substantially aid attorneys in their assistance of underprivileged clients, the entire purpose of the Equal Access to Justice Act. *See generally, Brown v. Secretary of Health and Human Servs.,* 747 F.2d 878 (3d Cir.1984) (purpose of EAJA to remove financial barrier to litigants of valid claims against government); *see also* Louise L. Hill, *An Analysis and Explanation of the Equal Access to Justice Act,* 19 Ariz.St.L.J. 229 (1987).

Third, no inequity would result by retroactive application of this ruling. *Melkonyan* principally sets forth the dates upon which a judgment is final within the limited context of this statute. That ruling has long been the law in this circuit. Additionally, the Secretary, up until the date of *Melkonyan,* only voiced objections to the fee petition based on the amount of fees to be granted to petitioner, not to an award. He cannot now claim it would be unjust that *Melkonyan* be implemented as law retroactively when he did not previously object to the award of fees.

This court's conclusion is strengthened by the Supreme Court's recent decision of *James B. Beam Distilling Co. v. Georgia,* —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d

---

1. Several cases in this circuit have considered the effect of *Melkonyan.* However, none of these have discussed retroactivity. *See DaMato v. Sullivan,* 945 F.2d 982 (7th Cir.1991); *Butts v. Bowen,* 775 F.Supp. 1167 (N.D.Ill.1991); *Nelson v. Sullivan,* 776 F.Supp. 360 (N.D.Ill.1991).

2. As discussed in greater detail below, this case was remanded pursuant to the second portion of sentence six. As a result, the fact that *Melkonyan* overruled Seventh Circuit precedent in another context is of no moment here. *See Singleton v. Bowen,* 841 F.2d 710 (7th Cir.1988) overruled by *Melkonyan,* 111 S.Ct. at 2161 (sentence four case).

481 (1991). There, Justice Souter, writing for a plurality of the Court, held that when the Court imposes a rule of law on the litigants, that rule should be applied to all pending cases as well. *Id.* 111 S.Ct. at 2445. *Melkonyan* was applied to the litigants (*Melkonyan,* 111 S.Ct. at 2165) and is therefore properly applied here.

This court's decision is not inconsistent with *Butts v. Bowen,* 775 F.Supp. 1167 (N.D.Ill.1991). That court considered whether to apply *Melkonyan* retroactively only in the context of a sentence four remand.[3] *Id.,* 775 F.Supp. at 1168–70. In fact, all arguments advanced for prospective application of *Melkonyan* are based on inequities in a sentence four case. *Id.* 775 F.Supp. at 1170. This case, one remanded pursuant to sentence six, does not suffer from the unfairness of retroactive application of *Melkonyan* as in a sentence four case. There has been no reversal of sentence six caselaw in this circuit and thus no surprise. *See id.* Unlike a sentence four case where the final judgment is the remand order, a sentence six final judgment is entered by the court after the Secretary returns with his final decision *postremand.* Thus a petition is not untimely unless well after the entire case is completed, not simply after the remand order.

The court realizes that this ruling creates a result that differs depending upon which type of remand is enforced by the District Court. However, this distinction is justified in this context since, in a sentence four remand, the decision of the A.L.J. is reversed, whereas in a sentence six decision the A.L.J. is only ordered to hear new evidence and then make his or her decision. Thus the sentence four remand nearly ends the litigation; the sentence six remand starts the entire process all over again. Therefore, differing results in the application of *Melkonyan* are fully understandable.

The court is not unaware of the split among other courts considering the issue. *See, e.g., Sargent v. Sullivan,* 941 F.2d 1207 (4th Cir.1991) (unpublished decision with limited explanation refusing to apply retroactively); *Mautino v. Sullivan,* No. 86–780–CV–W–6 (W.D.Mo. July 1, 1991) (prospective effect); *Welter v. Sullivan,* 941 F.2d 674 (8th Cir.1991) (retroactive application); *Audette v. Secretary of Health and Human Servs.,* 776 F.Supp. 84 (D.R.I.1991) (retroactive application); *Fergason v. Sullivan,* 771 F.Supp. 1008 (W.D.Mo.1991) (retroactive application); *Miller v. Sullivan,* No. 90–2408, 1991 WL 165067 (E.D.Pa. Aug. 23, 1991) (retroactive application). This court concludes that the more reasoned approach in a sentence six case is to apply *Melkonyan* retroactively.

### B. *Propriety of Fee Award*

Having decided that *Melkonyan* is properly applied retroactively, the court now turns to decide whether an award of fees is proper. When considering whether an award of fees and costs is appropriate under the Equal Access to Justice Act, the petitioner must allege that the position of the United States in denying benefits was not substantially justified, and application must be made within thirty days after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Congress intended the "final judgment" to be rendered by a court of law, not an administrative agency. *Melkonyan,* 111 S.Ct. at 2162 (citing *McDonald,* 726 F.2d at 314). "Accordingly, ... a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Id.*

As in *Melkonyan,* there has been no final judgment rendered by this court. The only court order of any substance remanded this case back to the A.L.J. for further hearing. *See Woods,* slip op. at 12. But this fact does not necessarily foreclose petitioner's prospects for fees.

---

**3.** Although *Butts* discusses the rules laid down by *Melkonyan* in both the sentence four and six contexts, it is clear from the opinion that the remand was pursuant to sentence four, the *Chevron Oil* analysis was in relation to sentence four, and the holding of the *Butts* court that *Melkonyan* is to be given prospective effect was pursuant to sentence four.

As recent Supreme Court precedent teaches, Budlow's petition for fees turns on what type of remand this court contemplated on March 30, 1988. *Melkonyan*, 111 S.Ct. at 2163. There can be only two types of remands under 42 U.S.C. § 405(g) [4]—one pursuant to sentence four or sentence six. *Melkonyan*, 111 S.Ct. at 2164–65. In a sentence four case, an attorney may petition for fees after the final judgment of the District Court "affirming, modifying, or reversing" the Secretary is entered and the appeal period from that order has expired. 28 U.S.C. § 2412(d)(2)(G); *Melkonyan*, 111 S.Ct. at 2165; *see also Sullivan v. Finkelstein*, —— U.S. ——, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). In the sentence six case,[5] the application period begins only after postremand proceedings are completed, the Secretary returns to the District Court, the court enters a final judgment, and the appeals period expires. *Melkonyan*, 111 S.Ct. at 2165. Thus, the court must determine which type of remand was contemplated in order to determine the timeliness of petitioner's application.

■ Examination of that order reveals this court intended a sentence six remand. The matter was presented on plaintiff's application for review of the A.L.J.'s decision. The basis of the motion was the presence of substantial new medical evidence not presented to the A.L.J. The District Court reviewed this evidence in painstaking detail, showing how this evidence might be relevant to a finding of disability. The court noted the absence of this material from the administrative record provided by the Secretary. Finally the court noted that plaintiff was not represented by competent counsel at the hearing and that plaintiff's neglect in not presenting the evidence was, based on the unique facts of this case, excusable. This court concluded "[a]ccordingly, this case is remanded to the Secretary so that he may *receive and consider additional evidence* regarding Woods' capability of performing her past work." *Woods*, slip op. at 12 (emphasis added) (citation omitted). This court concludes that a sentence six remand was intended.

The Secretary's assertions to the contrary are not persuasive. This court did make certain comments about the A.L.J.'s decision. However, these were generally limited in scope to those decisions that might be affected by the new evidence. Other commentary was not a substantive ruling as to the correctness of the Secretary's decision. *See Melkonyan*, 111 S.Ct. at 2163. The sum and substance of the order discusses the new evidence.

Having decided this was a sentence six remand, the court must now determine from which date the EAJA application was properly filed. As discussed previously, the sentence six case application period begins only after postremand proceedings are completed, the Secretary returns to the District Court, the court enters a final judgment, and the appeals period expires. In this case the court remanded the case

---

**4.** The relevant text of section 405(g) provides:
Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides.... As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing [a sentence four remand] ... The court may, [1] on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and [2] it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding [the two types of sentence six remands]; ....
42 U.S.C. § 405(g).

**5.** As the Secretary long ago filed his answer in this case, the first part of sentence six is not of concern here. *See id.*

and postremand proceedings were completed. However, the Secretary never returned to the District Court seeking entry of a final judgment. As a result, the time for filing an EAJA petition has not yet begun since the litigation in which fees are sought is not completed. Hence the application is, if anything, premature and not antiquated as contended by the Secretary. That leaves the court with the precise situation at the conclusion of *Melkonyan*, an application without a final judgment. *Melkonyan*, 111 S.Ct. at 2166. Consequently, the issue that remains is whether petitioner's application for fees is barred when the Secretary neglects to file for review of his postremand decision in the District Court.

This court must find the fee petition untimely at this point. As addressed previously, this was a sentence six remand. The Secretary's duty is to seek approval of his final decision. Until that has been done, the court cannot rule on the petition for fees because there is no "final judgment" upon which fees can be given. *See* 28 U.S.C. § 2412(d)(1)(B). The court is apprised of the anomaly this creates when the Secretary renders a decision that is unfavorable to himself, with control over the plaintiff's attorney's compensation in the hands of the Secretary. Nonetheless, if the Secretary refuses to seek final judgment, the petitioner may make appropriate motions before the District Court to force such a procedure to occur.

## CONCLUSION

In the final analysis, Budlow's petition for fees is untimely. The Supreme Court's recent decision in *Melkonyan* is held to apply retroactively. This court remanded this case according to sentence six of 42 U.S.C. § 405(g). Therefore, plaintiff's attorney is entitled to fees after a final judgment has been rendered. In a sentence six case such as this, the final judgment only occurs after the Secretary seeks approval of his postremand decision and the time for appeal from that District Court order has expired. At that point the petitioner may apply for fees. As the foregoing events

have not yet occurred, petitioner's application is untimely and thus denied.

IT IS SO ORDERED.