Jean Adams LINDNER, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. 83 C 8675.

United States District Court, N.D. Illinois, E.D.

Aug. 19, 1992.

Frederick J. Daley, Frederick J. Daley, Ltd., Chicago, Ill., for plaintiff.

James Hoofnagle, Jr., Asst. U.S. Atty., Chicago, Ill. (Donna Morros Weinstein, Chief Counsel, Region V, Dept. of Health and Human Services, Donna L. Calvert, Asst. Regional Counsel, Chicago, Ill., of counsel), for defendant.

## ORDER

NORGLE, District Judge.

Before the court is plaintiff Jean Adams Lindner's ("Lindner") application for attorney's fees. For reasons that follow, Lindner is awarded $32,787.50 in fees, $1,713 in expenses and $60 in costs.

## BACKGROUND

This case involves lengthy administrative and court proceedings over Lindner's claim for social security disability benefits for which Lindner now seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. After her benefit claim was initially rejected by defendant Secretary of Health and Human

Services (the "Secretary"), Lindner filed a complaint for judicial review on November 29, 1983. She claimed that she became totally disabled due to severe, chronic back pain and other ailments on June 22, 1981, when, at age 50, she completed a 16–year career as a factory worker at Western Electric.

District Judge Thomas R. McMillen, adopting a magistrate's recommendation, remanded the case to the Secretary on January 31, 1985 because an administrative law judge ("ALJ") failed to consider various pieces of medical evidence. On remand, the same ALJ again denied Lindner's benefits claim outright on May 30, 1985. The Secretary's Appeals Council remanded the case on February 10, 1986 for a new hearing before a different ALJ. The new ALJ, on January 26, 1987, found that Lindner was disabled as of December 6, 1985, her 55th birthday. The Appeals Council upheld that ruling on September 16, 1987.

Lindner then sought review in this court, which ruled on March 14, 1989 that Lindner became disabled on June 3, 1985, the day her third husband died. The Seventh Circuit, however, vacated that ruling and remanded the case on May 24, 1990 to the Secretary to determine whether Lindner had become physically disabled prior to June 3, 1985. *Lindner v. Sullivan*, 902 F.2d 1263 (7th Cir.1990). Lindner then sought an interim attorney's fee award under the EAJA on October 2, 1990. This court denied the request on January 17, 1991, stating that it would consider the fees issue after the Secretary issued a final decision on the second remand.

Thereafter, on June 10, 1991, the Supreme Court clarified the law regarding final judgments in social security disability cases which trigger the 30–day period for filing EAJA attorney's fee petitions under 28 U.S.C. § 2412(d)(1)(B). *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). A remand to the Secretary under sentence four[1] of 42 U.S.C.

---

1. Sentence four of § 405(g) authorizes district courts "to enter ... a judgment affirming, modi-

fying, or reversing the decision of the Secretary,

§ 405(g) becomes a final judgment for this purpose when the appeal period has run, but a remand under sentence six[2] of § 405(g) cannot be a final judgment. *Id.* 111 S.Ct. at 2165. Following a sentence six remand, the Secretary files additional or modified findings with the court, and the court then enters a final judgment. § 405(g), sentence six; *Melkonyan*, 111 S.Ct. at 2165. *Melkonyan* overruled Seventh Circuit precedent which had provided that when a court remands a social security disability claim, "prevailing party" status, a prerequisite to an EAJA award, could not be achieved until post-remand proceedings before the Secretary were complete. *Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir.1988). *Melkonyan* also overruled the Seventh Circuit's holding that a "final judgment" triggering the EAJA filing period could be rendered by an administrative body, such as the Secretary's Appeals Council, rather than a court. *Jabaay v. Sullivan*, 920 F.2d 472, 475 (7th Cir.1990), vacated, 946 F.2d 897 (7th Cir.1991); *see Cummings v. Sullivan*, 950 F.2d 492, 495 n. 4 (7th Cir.1991) (noting effect of *Melkonyan* on *Jabaay*).

Lindner responded to *Melkonyan* by moving this court, on July 22, 1991, to retain jurisdiction of the case so that if she were to succeed in the post-remand proceedings before the Secretary, the court could award her EAJA fees. That motion remains pending.

The post-remand proceedings concluded on January 23, 1992 with an ALJ's decision finding that Lindner became disabled on June 22, 1981, her claimed onset date. Lindner then filed the instant motion for EAJA fees on March 26, 1992, seeking a total of $53,831.25 in attorney's fees along with $1,713.00 in expenses and $60.00 in costs.

The Secretary is opposing the fee motion in total as untimely under *Melkonyan*,

while alternatively contending that the rates and hours requested are excessive.

## DISCUSSION

■ Before awarding fees under the EAJA, a court must find that (1) the claimant is a "prevailing party," (2) the Secretary's position was not "substantially justified," (3) no "special circumstances" exist in the case that would make a fee award unjust, and (4) the fee petition was filed within 30 days of final judgment and included an itemized statement detailing the hours spent and rates claimed as required by 28 U.S.C. § 2412(d)(1)(B). *Cummings*, 950 F.2d at 494-95 (citing *Commissioner, INS v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990)).

Initially, the court must determine whether the two remands to the Secretary in this case—Judge McMillen's in January 1985, and the Seventh Circuit's in May 1990—were under sentence four or sentence six of § 405(g). The Secretary contends that both remands were under sentence four, and that the EAJA filing period expired from both remands, making Lindner's current fee motion untimely under *Melkonyan* and depriving the court of jurisdiction to consider the matter. Lindner claims that the remands were both under sentence six, allowing her under *Melkonyan* to return here for EAJA fees now that she has prevailed on her entire claim in the post-remand proceedings. Alternatively, Lindner asserts that even if the remands were under sentence four, *Melkonyan* should not be retroactively applied in this case. The court agrees with the Secretary that both remands were under sentence four, but agrees with Lindner that *Melkonyan* should not retroactively apply here.

■ Both remands were based on findings that the Secretary's decisions were

with or without remanding the cause for a rehearing."

**2.** Sentence six of § 405(g) authorizes the district courts

on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further

action ... and it may at any time order additional evidence to be taken ... but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

inconsistent with the medical or psychological evidence in the record. Judge McMillen and the Seventh Circuit reviewed the merits of the Secretary's rulings. Even though the Seventh Circuit decision vacated this court's decision, and technically did not "affirm[ ], modify[ ], or revers[e] the decision of the Secretary," (§ 405(g), fourth sentence), that decision clearly held that Lindner was disabled as least as of June 3, 1985. *Lindner*, 902 F.2d at 1266. She had established "prevailing party" status under the EAJA.[3] Moreover, neither remand complied with the requirements of a sixth sentence remand; the Secretary did not seek remand before answering the complaint for judicial review, nor was there any submission of new and material evidence with good cause shown why the evidence had not been previously incorporated into the record. Sentences four and six delineate the only permissible types of remands to the Secretary. *Melkonyan*, 111 S.Ct. at 2164–65. Therefore, both remands in this case were under sentence four.

■ Nonetheless, the court finds that *Melkonyan* should not be applied retroactively to this case, and Lindner's fee motion is timely under prior law in this circuit. A majority of courts considering the question have held that *Melkonyan* should not be applied retroactively in sentence four remand cases. *See, e.g., Henry v. Sullivan*, No. 87 C 9389, 1992 U.S.Dist. LEXIS 5181, at *7–8 (N.D.Ill. April 14, 1992); *Pizzo v.*

*Sullivan*, No. 87 C 5421, 1992 WL 69991, at *2–5, 1992 U.S.Dist. LEXIS 5206, at *8–16 (N.D.Ill. March 27, 1992); *Butts v. Bowen*, 775 F.Supp. 1167, 1171–72 (N.D.Ill. 1991). The court agrees with the reasoning of these cases.[4] Addressing the three factors enunciated in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971), for rejecting the presumption of retroactive application of a judicial decision, the court finds (1) that *Melkonyan* established a new legal principle by overruling clear past precedent in this circuit on which Lindner relied, (2) that retroactive application of *Melkonyan* would retard the EAJA purpose of allowing prevailing plaintiffs to recover attorney's fees, and (3) that application of *Melkonyan* here would be inequitable. *Melkonyan* overruled Seventh Circuit precedent regarding both the EAJA filing period, *Singleton*, 841 F.2d at 711, and the definition of "final judgment." *Jabaay*, 920 F.2d at 475.

Lindner first sought fees a little more than three months after the Seventh Circuit remanded the case in May 1990. This court told her to wait until the Secretary had completed the remand proceedings. Following *Melkonyan*, Lindner asked this court to retain jurisdiction for the purpose of awarding EAJA fees later. That motion is rendered moot by this order. And after the remand proceedings concluded, Lindner filed the instant motion for fees. The Secretary does not contend that Lindner's mo-

3. Lindner's clear entitlement to benefits prior to the second remand proceedings distinguishes this case from *Welter v. Sullivan*, 941 F.2d 674 (8th Cir.1991) and *Harper v. Sullivan*, 779 F.Supp. 90 (N.D.Ill.1991). In these cases, prevailing party status could not be ascertained prior to the remand, and the district courts were found to have retained jurisdiction to entertain post-remand EAJA fee petitions. *Welter*, 941 F.2d at 675; *Harper*, 779 F.Supp. at 93–94. *See also Rodriguez v. Secretary of Health and Human Servs.*, 794 F.Supp. 58 (D.P.R.1992) (sentence four remand with retained jurisdiction); *Allbritton v. Secretary of Health and Human Servs.*, 796 F.Supp. 35 (D.Mass.1992) (same). The Supreme Court in *Sullivan v. Hudson*, 490 U.S. 877, 886–87, 109 S.Ct. 2248, 2254–55, 104 L.Ed.2d 941 (1989), apparently recognized a subcategory of sentence four remands in which the Secretary failed to follow the applicable regulations, and the district court, without en-

tering a final judgment, retained jurisdiction to ensure that the Secretary followed the court's directions on remand and to award EAJA fees after the remand proceedings were complete. The Court in *Melkonyan* found that only sentence four and sentence six remands were permissible, but acknowledged the continued viability of the *Hudson* sentence four subcategory even though the sentence four final judgment requirement would not be met. *Melkonyan*, 111 S.Ct. at 2162, 2164. *See also Gutierrez v. Sullivan*, 953 F.2d 579, 583–84 (10th Cir.1992) (discussing interaction of *Hudson* and *Melkonyan* on this point).

4. This holding is not inconsistent with the court's retroactive application of *Melkonyan* in *Woods v. Department of Health and Human Servs.*, 778 F.Supp. 976, 978–79 (N.D.Ill.1991), which involved a sentence six remand.

892

tion is untimely under pre-*Melkonyan* law. Accordingly, the court finds that it has jurisdiction to consider Lindner's present fee petition.

The Secretary also does not assert that its position regarding Lindner's disability claims was "substantially justified" or that "special circumstances" make a fee award to Lindner unjust. The court therefore finds that the Secretary has waived any objection on these bases to Lindner's fee request.

Finally, the court can address the specifics of Lindner's fee petition. The $53,-831.25 in attorney's fees requested is based on Linder's three attorneys' 179.25 hours of work in the proceedings before this court and the Seventh Circuit and 123 hours worked in the remand proceedings before the Secretary, all at $175 hourly, and a third-year law student's 12.5 hours of work before this court at $75 hourly.

Regarding the number of hours, the Secretary argues that all of Lindner's post-remand hours should be disallowed because such hours are not compensable following a sentence four remand. The Secretary additionally contends that some of the hours requested are duplicative.

■■ EAJA attorney's fees are generally not recoverable for time spent on administrative proceedings before the Secretary. *Berman v. Schweiker*, 713 F.2d 1290, 1293 (7th Cir.1983). When a court remands a case to the Secretary, however, and retains jurisdiction "pending a decision from the Secretary which will determine the claimant's entitlement to benefits ... attorney's fees for representation on remand are available ... [under] the EAJA." *Sullivan v. Hudson*, 490 U.S. at 892, 109 S.Ct. at 2258. The Secretary argues that under *Melkonyan*, 111 S.Ct. at 2162, 2165, EAJA fees are only available for remand proceedings before the Secretary when the district court retains jurisdiction for entry of a final judgment following completion of the remand proceedings, which can only occur in sentence six remand cases. While *Melkonyan* is not explicit on this point, the court agrees that *Melkonyan* indicates that EAJA fees for remand work before the

Secretary are available only in sentence six cases. *See Wilson v. Sullivan*, 751 F.Supp. 1281, 1285 (N.D.Ill.1990) ("there appear to be strong reasons to conclude that *Hudson* does not reach an ALJ decision on a fourth sentence remand under any circumstances"). Nonetheless, the court has already determined that *Melkonyan* should not retroactively apply here, and the prior Seventh Circuit rule provided that prevailing party status, based on an entitlement to benefits, could not be determined until after remand proceedings before the Secretary are complete. *Singleton*, 841 F.2d at 711. Moreover, Lindner's prevailing party status was enhanced by the remand proceedings because the Secretary, through an ALJ, accepted an earlier onset date for Lindner's disability and thereby increased her entitlement to benefits. Accordingly, the court will allow Lindner to recover EAJA fees for time her attorneys spent on post-remand proceedings before the Secretary.

Nonetheless, the court agrees with the Secretary that there is some duplicative or unnecessary hours, such as several 15–minute items for phone calls to court clerks or other parties regarding scheduling, which should normally require one minute or less, and for unnecessary letter-writing. These problems are very limited, however, and the court therefore cuts the number of attorney hours requested, 302.25, by five percent rounded to the nearest full hour, leaving 287 hours. The full 12.5 hours of law student time requested will be allowed.

■■ The Secretary also objects to the requested $175 and $75 hourly rates for attorneys and the law student respectively. The EAJA set a maximum $75 hourly rate for attorneys, unless the court finds that higher rates are justified by cost-of-living increases or a "special factor" such as a limited availability of attorneys for such proceedings. 28 U.S.C. § 2412(d)(2)(A). Lindner contends that the "special factor" exists here because few, if any, qualified attorneys in the Chicago area are willing to take such cases at a $75 rate; a $175 rate is necessary to attract experienced counsel for such cases in this area. Such general

market rate factors, however, have been rejected as a "special factor" by the Supreme Court. *Pierce v. Underwood,* 487 U.S. 552, 571–72, 108 S.Ct. 2541, 2553–54, 101 L.Ed.2d 490 (1988). "Special factor" instead refers to specialized skills necessary for the particular case, which Lindner has failed to show. *Id.* at 572–73, 108 S.Ct. at 2554.

■ Alternatively, Linder seeks a cost-of-living increase to $148.46 for the attorneys based on the "legal services" increase listed in the Consumer Price Index ("CPI"). As a further fallback position, Linder suggests a $112.50 hourly rate based on the "all items" increase in the CPI. The Secretary argues that, if any fee award is allowed, the "all items" CPI increase should be applied, calculated as of the time the legal services were rendered rather than as of the present. Under *Perales v. Casillas,* 950 F.2d 1066, 1074–75 (5th Cir.1992), the Secretary notes, allowing cost of living increases for the period between performance of the services and payment would constitute an impermissible interest award against the government.

The court agrees with those courts that have applied the "all items" CPI figure as the best means of implementing Congress's allowance in § 2412(d)(2)(A) of "cost of living" adjustments to the $75 attorney's fee ceiling. *See, e.g., Sullivan v. Sullivan,* 958 F.2d 574, 576–77 (4th Cir.1992); *Uskokovic v. Sullivan,* 772 F.Supp. 387, 392–93 (N.D.Ill.1991). The court, however, rejects the *Perales* court's finding that post-performance increases constitute interest. Congress intended that counsel be compensated at $75 in 1981 dollars, based on the year the EAJA was first enacted. *Sullivan v. Sullivan,* 958 F.2d at 578; *Perales,* 950 F.2d at 1074 n. 9; *Uskokovic,* 772 F.Supp. at 393 n. 3. Calculating the appropriate increase as of the time of the fee award, rather than of performance, makes more logical and practical sense. It is hard to consider an increase "interest" for a period when the claimant had no entitlement to the fees. And as performance may occur over a long period of time, calculations of the appropriate increase would be unnecessarily complicated by use of the performance date for this purpose. The most common approach appears to be calculating the cost of living increase as of a time near the award date. *See, e.g., Butts,* 775 F.Supp. at 1173 (July 1991 benchmark, October 1991 award at $111.37 rate); *Uskokovic,* 772 F.Supp. at 393 (December 1990 benchmark, July 1991 award at $107.25 rate); *Kidd v. Sullivan,* No. 87 C 8532, 1990 WL 103569, at *2, 1990 U.S.Dist. LEXIS 8394, at *4 (N.D.Ill. July 2, 1990) (January 1990 benchmark, $104 rate awarded). Moreover, the Secretary has failed to suggest a particular fee rate. Lindner suggests an "all items" increase to $112.50 using a January 1992 benchmark. The $112.50 figure is in line with the rates awarded in *Butts, Uskokovic* and *Kidd,* and is therefore accepted.

■ Finally, the $75 hourly rate requested for the third-year law student's time is cut to $40. Although higher law student rates have been approved, *see, e.g., Butts,* 775 F.Supp. at 1173 ($75); *Uskokovic,* 772 F.Supp. at 394 ($70 for the same law student who worked on this case); *Littlefield v. Mack,* 789 F.Supp. 914, 919 (N.D.Ill.1992) ($60), the court considers a $40 rate appropriate, as was allowed in *Kidd.*

There being no objection, the full $1,713 in expenses and $60 in costs is allowed.

### CONCLUSION

Lindner's fee petition is granted in part and denied in part. Lindner is awarded fees of $32,787.50, expenses of $1,713.00 and costs of $60.00, for a total award of $34,560.50. The Secretary is directed to pay this judgment to Lindner's attorney, Frederick J. Daley, who shall then reimburse Lindner for any expenses or costs which she has already paid.

IT IS SO ORDERED.